IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| DISABILITY RIGHTS SOUTH CAROLINA, ABLE SOUTH CAROLINA, AMANDA McDOUGALD SCOTT, individually and on behalf of P.S., a minor; MICHELLE FINNEY, individually and on behalf of M.F., a minor; EMILY POETZ, individually and on behalf of L.P., a minor; SAMANTHA BOEVERS, individually and on behalf of P.B., a minor; TIMICIA GRANT, individually and on behalf of E.G., a minor; CHRISTINE COPELAND, individually and on behalf of L.C., a minor; HEATHER PRICE, individually and on behalf of H.P., a minor; and CATHY LITTLETON, individually and on behalf of Q.L., a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> HENRY McMASTER, in his official capacity as Governor of South Carolina; ALAN WILSON, in his official capacity as Attorney General of South Carolina; MOLLY SPEARMAN, in her official capacity as State Superintendent of Education; GREENVILLE COUNTY SCHOOL BOARD; HORRY COUNTY SCHOOL BOARD; LEXINGTON COUNTY SCHOOL BOARD ONE; OCONEE COUNTY SCHOOL BOARD; DORCHESTER COUNTY SCHOOL BOARD TWO; CHARLESTON COUNTY SCHOOL BOARD; and PICKENS COUNTY SCHOOL BOARD, <br><br> Defendants. | C.A. No. 3:21-cv-02728-MGL <br><br><br><br><br><br><br> **SCHOOL BOARD DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION** |

The Defendants[1], Greenville County School Board ("GCSB"), Horry County School Board ("HCSB"), Oconee County School Board ("OCSB"), Dorchester County School Board Two ("DCSB"), Charleston County School Board ("CCSB"), and Pickens County School Board ("PCSB") (collectively referred to herein as "School Board Defendants"), respectfully submit this memorandum in response to Plaintiffs' motion for a preliminary injunction. The School Board Defendants contend the Plaintiffs are not entitled to the requested injunctive relief against them because Plaintiffs are neither likely to succeed on the merits nor likely to suffer irreparable harm in the absence of preliminary equitable relief against the School Board Defendants.

## I.     INTRODUCTION

This matter arises from the General Assembly's passage of Budget Proviso 1.108 of the 2021-2022 Appropriations Act,[2] on June 22, 2021. Budget Proviso 1.108 provides:

> (SDE: Mask Mandate Prohibition) No school district, or any of its schools, may use funds appropriated or authorized pursuant to this act to require that its students and/or employees wear a facemask at any of its education facilities. This prohibition extends to the announcement or enforcement of any such policy.

Plaintiffs allege that Budget Proviso 1.108 prohibits South Carolina school districts from mandating wearing of face coverings by students and staff in school facilities. By not mandating the wearing of face coverings in schools, Plaintiffs allege the schools are not equally accessible to students with disabilities in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182, *et seq*. and section 504 of the Rehabilitation Act (section 504), 29 U.S.C. § 701, *et seq*. In short, Plaintiffs allege the school funding program under Budget Proviso 1.108 unlawfully discriminates on the basis of disability.

The complaint further alleges that the School Board Defendants are indispensable but not

---

[1] While not pertinent to this Response, the School Board Defendants are not properly identified according to their official legal statuses, but would consent to amendment of the Complaint that would properly identify them.
[2] H. 4100, 124th Leg. 1st Reg. Sess. (S.C. 2021).

adverse parties. (ECF No. 1, ¶¶ 25-31.) Additionally, the complaint does not allege the School Board Defendants control or are responsible for the challenged State school funding program or limitations established by Budget Proviso 1.108. Moreover, no plaintiff alleges any School Board Defendant has denied any request for a reasonable individualized face covering accommodation necessary to address the needs of a student with a disability, or that any available administrative remedies have been pursued in regard to such a requested accommodation. (ECF No. 1, ¶¶ 69-77.) Finally, with respect to the School Board Defendants' obligations under the ADA and § 504, the South Carolina Department of Education has made clear that, notwithstanding Budget Proviso 1.108,

> There are instances where the consideration of mask mandates is necessary for specific individuals who provide instruction and related services to, or come into contact with, students who are medically fragile, have immunocompromised and immunodeficiency conditions, or are otherwise at significant risk for medical conditions that make them more likely to become seriously ill . . .
>
> ***
>
> These decisions must not be based on state and/or local across the board policies, procedures, practices, and prohibitions.

Exhibit 1, Department of Education Memorandum (August 18, 2021). Consequently, despite any alleged discriminatory effect of the State's funding policy under Budget Proviso 1.108, the State's policy is separate and distinct from the South Carolina Department of Education's position on the issue, as well as the School Board Defendants' practices and procedures for ensuring compliance with the ADA and § 504 on an individualized and case-by-case basis.

## II. STANDARD OF REVIEW

Plaintiffs seek an extremely broad mandatory preliminary injunction that would appear to require the School Board Defendants to impose broad face covering mandates. A preliminary injunction is an extraordinary equitable remedy which is not to be awarded as a right. *Winter v.*

*Nat'l Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008).  To justify such relief against the School Board Defendants, Plaintiffs must establish: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.  *Id.*; *The Real Truth About Obama, Inc. v. Fed. Election Comm'n,* 575 F.3d 342, 346-47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010).

Where a mandatory injunction is sought, i.e., an injunction which alters the status quo, such relief is disfavored and warranted only in the most extraordinary circumstances.  *In re Microsoft Corp. Antitrust Litigation,* 333 F.3d 517, 525 (4th Cir. 2003); *De La Fuente v. S.C. Dem. Party,* 164 F.Supp.3d 794, 798 (D.S.C. 2016).  As a result, the Court must apply the above requirements and standards for a mandatory preliminary injunction in an even more exacting and searching manner.  *De La Fuente*, 164 F.Supp.3d at 798.  At least to the extent injunctive relief is sought against the School Board Defendants, Plaintiffs cannot meet this exacting standard and are not entitled to preliminary injunctive relief.

### III.    ARGUMENT

#### A. Plaintiffs Have Not Clearly Shown They Are Likely to Succeed On The Merits.

Plaintiffs have not shown a likelihood of success on their ADA and Rehabilitation Act claims against the School Board Defendants.  The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity."  42 U.S.C. § 12132.  Similarly, § 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability… shall, solely by reason of his or her disability, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).  Because the text and purposes of

these two statutes are similar, they generally are construed to impose the same requirements. *Baird v. Rose*, 192 F.3d 462, 469 (4th Cir. 1999). Consequently, each student Plaintiff must establish that: (1) he or she has a disability, (2) he or she is otherwise qualified to receive the benefits of the District's education services, and (3) he or she was excluded from participation in or denied the benefits of such services on the basis of their disability. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005).

Plaintiffs make no showing that students with disabilities are treated differently, denied the benefits of the educational program, or excluded from the program on the basis of their disability by the School Board Defendants as a result of the State's funding policy under Budget Proviso, 1.108. Indeed, Plaintiffs' general complaints about the State's program do not show any discrimination by the School Board Defendants.

Under such circumstances, neither liability nor injunctive relief against the School Board Defendants is appropriate. Because the School Board Defendants have no role in the decision to limit funding under Budget Proviso 1.108 or the administration of the funding limitation, Plaintiffs cannot succeed on their ADA or § 504 claims against them. "[T]o impose responsibility in the absence of fault and causation would stretch the law of remedies beyond limit…. Title II… cannot be read to impose strict liability on public entities that neither caused the plaintiffs to be excluded nor discriminated against them." *Bacon v. City of Richmond*, 475 F.3d 633, 639-40 (4th Cir. 2007); *see also, Grant-Davis v. Board of Trustees of Charleston County Public Library*, (C.A. no. 2:15-cv-2676-PMD-MGB, Order May 24, 2017), 2017 WL 9360875, *11-12 (D.S.C. 2017); *United States v. Georgia,* 461 F.Supp.3d 1315 (N.D. Ga 2020). Accordingly, Plaintiffs cannot establish they are likely to succeed on the merits of their claims or that preliminary injunctive relief is proper or against the School Board Defendants.

### B. Plaintiffs Will Not Suffer Irreparable Harm In The Absence Of A Preliminary Injunction.

Plaintiffs must clearly show that, without a preliminary injunction, they will suffer

immediate and irreparable injury. Plaintiffs further must show that their alleged injuries are not remote or speculative, but are actual and imminent. *United States v. W.T. Grant Co.,* 345 U.S. 629, 633 (1953). Plaintiffs' motion for a preliminary injunction does not show the existence of immediate and irreparable injury regarding the School Board Defendants' educational programs. This is especially true in light of the School Board Defendants' ability to continue to evaluate and make reasonable accommodations for individual students, which may include individualized face covering requirements, as well as providing medical homebound instruction for medically fragile students. *See* Exhibit 1 and State Board of Education Regulation, R43-241 (Medical Homebound Instruction).

Additionally, Plaintiffs cannot show immediate and irreparable harm because available administrative remedies exist by which they can seek relief under the Individuals with Disabilities Education Act and/or § 504 and the ADA. *See, e.g.,* 20 U.S.C. § 1415(1). As made clear in *Learning Disabilities Ass'n of Maryland,* the IDEA's administrative procedures can provide the type of "obey the law" remedy Plaintiffs seek. *Learning Disabilities Ass'n of Maryland, Inc. v. Board of Education of Baltimore County,* 837 F. Supp. 717, 724 (D. Md. 1993); *see also, Hoeft v. Tucson Unified School District,* 967 F.2d 1298, 1309 (9th Cir. 1992). The IDEA, ADA, and Rehabilitation Act all recognize educational harm arising from disability discrimination can be appropriately remedied by compensatory educational services and other available relief. *Tyson v. Kanawha County Bd. of Educ.,* 22 F.Supp.2d 535 (S.D. W. Va 1994) ("Plaintiff [ ] will not suffer irreparable harm through the exhaustion of administrative remedies").

Moreover, the educational harms that appear to be alleged, such as a temporary alteration or limitation of educational services, are remediable through administrative procedures and

simply do not constitute immediate or irreparable harm. *Id.; see also, G. ex rel. RG v. Ft. Bragg Dependent Schools,* 343 F.3d 295, 308-9 (4th Cir. 2003) (discussing compensatory education services as appropriate relief). The availability of appropriate administrative procedures and remedies for alleged educational injuries, including compensatory education, prevents the Plaintiffs from showing they will suffer imminent and irreparable injury.

## IV. CONCLUSION

The School Board Defendants respectfully ask the Court to deny Plaintiffs any preliminary injunctive relief against them. The School Board Defendants exercise no control or authority over the funding limitations established under Budget Proviso, 1.108, and further, Plaintiffs have not shown a likelihood that, in the absence of injunctive relief against the School Board Defendants, they will suffer unlawful discrimination or irreparable harm as a result of the School Board Defendants' alleged actions, particularly given the South Carolina Department of Education's interpretation of the Proviso as consistent with Federal reasonable accommodation requirements under the ADA and section 504. Accordingly, Plaintiffs' request for a preliminary injunction against the School Board Defendants should be denied.

    Respectfully submitted,

    HALLIGAN MAHONEY WILLIAMS SMITH
    FAWLEY & REAGLE, PA


    By:    s/ John M. Reagle
            John M. Reagle, Fed. I.D. No. 7723
            jreagle@hmwlegal.com
            Thomas K. Barlow, Fed. I.D. No. 7483
            tbarlow@hmwlegal.com
            Allison Aiken Hanna, Fed I.D. No. 7173
            ahanna@hmwlegal.com

    P.O. Box 11367
    Columbia, South Carolina 29211

(803) 254-4035

Attorneys for Defendants
Greenville County School Board,
Horry County School Board
Oconee County School Board
Dorchester County School Board Two
Charleston County School Board
Pickens County School Board

September 10, 2021

Columbia, South Carolina