IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DISABILITY RIGHTS SOUTH CAROLINA; ABLE SOUTH CAROLINA; AMANDA McDOUGALD SCOTT, individually and on behalf of P.S., a minor; MICHELLE FINNEY, individually and on behalf of M.F., a minor; LYUDMYLA TSYKALOVA, individually and on behalf of M.A., a minor; EMILY POETZ, individually and on behalf of L.P., a minor; SAMANTHA BOEVERS, individually and on behalf of P.B., a minor; TIMICIA GRANT, individually and on behalf of E.G., a minor; CHRISTINE COPELAND individually and on behalf of L.C., a minor; HEATHER PRICE, individually and on behalf of H.P., a minor; and CATHY LITTLEJOHN, individually and on behalf of Q.L., a minor, | Civil Action No.: 3:21-cv-2728-MGL |
| *Plaintiffs*, | |
| v. | **GOVERNOR MCMASTER'S MOTION TO DISMISS** |
| HENRY McMASTER, in his official capacity as Governor of the State of South Carolina; and ALAN WILSON, in his official capacity as Attorney General of South Carolina; MOLLY SPEARMAN, in her official capacity as State Superintend of Education; GREENVILLE COUNTY SCHOOL BOARD; HORRY COUNTY SCHOOL BOARD; LEXINGTON COUNTY SCHOOL BOARD ONE; OCONEE COUNTY SCHOOL BOARD; DORCHESTER COUNTY SCHOOL BOARD TWO; CHARLESTON COUNTY SCHOOL BOARD; and PICKENS COUNTY SCHOOL BOARD, | |
| *Defendants*. | |

**COMES NOW** Defendant Henry McMaster, in his official capacity as Governor of the

State of South Carolina ("Governor McMaster" or "Governor"), by and through the undersigned

counsel, and hereby moves the Court for an order dismissing Plaintiffs' Complaint (ECF No. 1) in the above-captioned matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As detailed in Part I of the Governor's contemporaneously filed Memorandum (ECF No. 58), Plaintiffs' Complaint does not articulate a single viable cause of action or otherwise state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Governor McMaster respectfully moves the Court to dismiss Plaintiffs' Complaint for multiple reasons, to include the following:

1. Plaintiffs have not alleged, and they cannot reasonably or plausibly allege, that Governor McMaster acted with bad faith or gross misconduct, as required to state and maintain a plausible cause of action under Title II of the Americans with Disabilities Act ("ADA") or § 504 of the Rehabilitation Act in the context of educating students with disabilities.

2. Plaintiffs do not have a private right of action to proceed with a disparate-impact or unintentional-failure-to-accommodate theory under Title II of the ADA or § 504 of the Rehabilitation Act, and Plaintiffs have not alleged that Governor McMaster intentionally discriminated against them or that Proviso 1.108 of the 2021–22 Appropriations Act ("Proviso") was enacted, implemented, or enforced to intentionally discriminate against them in any way.

3. Plaintiffs have not plausibly alleged that the Proviso denies or deprives them of the equal opportunity to attend school in-person if state-authorized or appropriated funds are not used to develop and implement a universal mask mandate, their current contention that universal mask mandates are necessary are inconsistent with statements and lawsuits from disability-rights advocates that individuals with disabilities should not be required to wear masks, and their proffered interpretation of Title II and § 504 would result in a federal mask mandate in schools,

1

which is a concept that is both untethered from the relevant statutory text and at odds with Congress's intent.

4. Congress did not impose an unambiguous condition on the receipt of federal funds in the American Rescue Plan Act ("ARPA") such that States are required to enact or to permit schools to enact universal mask mandates, and Plaintiffs may not rely on the U.S. Department of Education's interim final rule regarding ARPA to find such a condition or to clarify Congress's intent.

In accordance with Rule 7.04 of the Local Civil Rules (D.S.C.), this Motion is based on the grounds summarized herein and those set forth in Part I of the Memorandum (ECF No. 58) filed contemporaneously herewith, which Governor McMaster submits both in support of the present Motion to Dismiss and in opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 16), as well as the records and pleadings filed in this action, and such other matters or argument as may be presented to the Court at the time of any hearing.

**WHEREFORE,** for the foregoing reasons and those set forth in the accompanying Memorandum, Governor McMaster respectfully requests that the Court enter an order dismissing, with prejudice, Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

s/Thomas A. Limehouse, Jr.
Thomas A. Limehouse, Jr. (Fed. Bar No. 12148)
*Chief Legal Counsel*
Wm. Grayson Lambert (Fed. Bar No. 11761)
*Senior Legal Counsel*
OFFICE OF THE GOVERNOR
South Carolina State House
1100 Gervais Street
Columbia, South Carolina 29201
(803) 734-2100
tlimehouse@governor.sc.gov
glambert@governor.sc.gov

*Counsel for Governor McMaster*

September 10, 2021
Columbia, South Carolina

3