IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DISABILITY RIGHTS SOUTH CAROLINA; ABLE SOUTH CAROLINA; AMANDA McDOUGALD SCOTT, *individually and on behalf of P.S., a minor*; MICHELLE FINNEY, *individually and on behalf of M.F., a minor*; LYUDMYLA TSKALOVA, *individually and on behalf of M.A., a minor*; EMILY POETZ, *individually and on behalf of L.P., a minor*; SAMANTHA BOEVERS, *individually and on behalf of P.B., a minor*; TIMICIA GRANT, *individually and on behalf of E.G., a minor*; CHRISTINE COPELAND, *individually and on behalf of L.C., a minor*; HEATHER PRICE, *individually and on behalf of H.P., a minor*; and CATHY LITTLETON, *individually and on behalf of Q.L., a minor*,<br>　　　　Plaintiffs,<br><br>vs.<br><br>HENRY McMASTER, *in his official capacity as Governor of the State of South Carolina*; ALAN WILSON, *in his official capacity as Attorney General of South Carolina*; MOLLY SPEARMAN, *in her official capacity as State Superintendent of Education*; GREENVILLE COUNTY SCHOOL BOARD; HORRY COUNTY SCHOOL BOARD ONE; LEXINGTON COUNTY SCHOOL BOARD ONE; OCONEE COUNTY SCHOOL BOARD; DORCHESTER COUNTY SCHOOL BOARD TWO; CHARLESTON COUNTY SCHOOL BOARD; and PICKENS COUNTY SCHOOL BOARD;<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No.: 3:21-02728-MGL |

**MEMORANDUM OPINION AND ORDER DENYING THE ATTORNEY GENERAL'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1)**

## I. INTRODUCTION

Disability Rights South Carolina; Able South Carolina; Amanda McDougald Scott, individually and on behalf of P.S., a minor; Michelle Finney, individually and on behalf of M.F., a minor; Lyudmyla Tsykalova, individually and on behalf of M.A., a minor; Emily Poetz, individually and on behalf of L.P., a minor; Samantha Boevers, individually and on behalf of P.B., a minor; Timicia Grant, individually and on behalf of E.G., a minor; Christine Copeland, individually and on behalf of L.C., a minor; Heather Price, individually and on behalf of H.P., a minor; and Cathy Littlejohn, individually and on behalf of Q.L., a minor (collectively, Plaintiffs) filed a complaint for declaratory and injunctive relief.

They filed their lawsuit against Henry McMaster, in his official capacity as Governor of the State of South Carolina (Governor McMaster); Alan Wilson, in his official capacity as Attorney General of South Carolina (AG Wilson); Molly Spearman, in her official capacity as State Superintendent of Education (Superintendent Spearman); Greenville County School Board; Horry County School Board One; Oconee County School Board; Dorchester County School Board Two; Charleston County School Board; Pickens County School Board (the School Boards); and Lexington County School Board One (Lexington) (collectively, Defendants).

In Plaintiffs' complaint, they seek declaratory and injunctive relief to stop enforcement of Proviso 1.108 inasmuch as it bars schools and localities from requiring masking in schools. Plaintiffs assert three claims for relief for violations of: (1) Title II of the Americans with Disabilities Act (Title II), (2) § 504 of the Rehabilitation Act of 1973 (Section 504), and the American Rescue Plan Act of 2021 (ARPA). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

Pending before the Court is AG Wilson's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

Having carefully considered the motion, the response, the reply, the record, and the relevant law, the Court is of the opinion the motion should be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

The minor plaintiffs "are students with disabilities, including certain underlying medical conditions, which increase their risk of contracting COVID-19 and/or increase their risk of serious complications or death from a COVID-19 infection." Compl. ¶ 5. "These conditions include asthma, congenital myopathy, Renpenning Syndrome, Autism, and weakened immune systems—many of which have been identified by the [Centers for Disease Control & Prevention] as risk factors for severe COVID-19 infections." *Id.*

According to Plaintiffs, "[s]chool districts with students who have disabilities . . . that make them more likely to contract and/or become severely ill from a COVID-19 infection have a legal obligation to ensure that those children can attend school with the knowledge that the school district has followed the recommended protocols to ensure their safety." *Id.* ¶ 7.

In the 2021–22 Appropriations Act, the South Carolina General Assembly prohibited school districts in South Carolina from using appropriated or authorized funds to announce or enforce a mask mandate:

> No school district, or any of its schools, may use any funds appropriated or authorized pursuant to this act to require that its students and/or employees wear a facemask at any of its education facilities. This prohibition extends to the announcement or enforcement of any such policy.

Proviso 1.108.

Plaintiffs contend "[b]y prohibiting any school from imposing a mask mandate, Proviso 1.108 interferes with [a] school's ability to comply with its obligations under federal disability rights laws and illegally forces parents of children with underlying [health] conditions to choose between their child's education and their child's health and safety, in violation of [Title II] and Section 504."  Compl. ¶ 7.

As is relevant here, AG Wilson filed his motion to dismiss, Plaintiffs responded, and AG Wilson replied.  The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

### III.     STANDARD OF REVIEW

"The plaintiff[s] ha[ve] the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'"  *Id.* (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 769 (4th Cir. 1991)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Richmond, Fredericksburg, & Potomac*, 945 F.2d at 768.

"Article III of the Constitution provides that federal courts may consider only '[c]ases' and '[c]ontroversies.'"  U.S. Const. art. III, § 2.  Thus, "plaintiff[s] seeking relief in federal court must first demonstrate that [they have] standing to do so, including that [they have] a personal stake in the outcome[.]"  *Gill v. Whitford*, 138 S.Ct. 1916, 1923 (2018) (citation omitted) (internal quotation marks omitted).

To establish standing, "[t]he plaintiff[s] must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant[s], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "To establish injury in fact, . . . plaintiff[s] must show that [they] suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

"Abstract injury is not enough. It must be alleged that the plaintiffs 'ha[ve] sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (quoting *Mass. v. Mellon*, 262 U.S. 477, 488 (1923)). "The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' *Id.* (quoting *Golden v. Zwickler*, 394 U.S. 103, 109–10 (1969)).

When the Court undertakes a standing analysis, it views the evidence in the light most favorable to the plaintiffs. *See United States v. Phillips*, 883 F.3d 399, 405 (4th Cir. 2018) (stating that, in questions concerning standing, the Court "view[s] the evidence in the light most favorable to [the plaintiffs] and draw[s] all reasonable inferences in [their] favor.").

**IV.     DISCUSSION AND ANALYSIS**

AG Wilson avers Plaintiffs lack standing to sue him. In support of this contention, AG Wilson posits suing him "stretches legal theories to the breaking point" because he "may not be enjoined as he played no part in any alleged violation of the statutes in question" and "possesses no duties regarding public education or health care[.]." Mot at 5.

Plaintiffs, in response, disagree and aver their "injuries are fairly traceable to [AG

5

Wilson]'s enforcement of Proviso 1.108" and "are redressable by enjoining [AG Wilson's] enforcement of Proviso 1.108."  Resp. in Opp'n at 4–5 (emphasis modified) (internal quotations omitted).

As noted above, to establish standing, "[t]he plaintiff[s] must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant[s], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547.

There is no dispute Plaintiffs have suffered an injury.  Regarding the second prong, traceability, plaintiffs "must demonstrate that a particular defendant's [actions] has the potential to affect [their] interests." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 161 (4th Cir. 2000).  When Plaintiffs seek relief from a state law, the alleged injury "is fairly traceable" to state actors capable of enforcing the law. *Indep. Party of Fl. v. Sec'y, State of Fl.*, 967 F.3d 1277, 1281 (11th Cir. 2020).

Here, Plaintiffs allege, in their complaint, their injuries are fairly traceable to AG Wilson due to his enforcement of Proviso 1.108: "On August 10, [AG] Wilson wrote to the City of Columbia that a City Ordinance requiring all faculty, staff, visitors, and students in school buildings wear facemasks conflicted with Proviso 1.108 and should be rescinded or amended. [AG] Wilson has since filed suit in the South Carolina Supreme Court seeking to enjoin Columbia's City Ordinance."  Compl. ¶ 55.  These allegations, the Court concludes, demonstrate Plaintiffs' injuries are "fairly traceable[,]" *Indep. Party of Fl.*, to AG Wilson.

As to the third *Spokeo* prong, redressability, AG Wilson avers "an injunction against [him] would not bar other citizens from suing and therefore would not redress the alleged injury."  Mot. at 2.  But, a partial remedy for plaintiffs will satisfy the redressability prong here. *See, e.g. Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021) (noting the ability to effectuate a partial

remedy "satisfies the redressability requirement.").

Lastly, as to AG Wilson's claim he enjoys sovereign immunity, Title II abrogates a state's sovereign immunity only "insofar as [it] creates a private cause of action for damages against the States for conduct that actually violates the [Constitution]." *United States v. Georgia*, 546 U.S. 151, 159 (2006). Inasmuch as the Court has concluded in its Order granting Plaintiffs' motions for a temporary restraining order and a preliminary injunction, filed contemporaneously with this Order, that AG Wilson violated Title II and Section 504, he is unentitled to avail himself of Eleventh Amendment protections.

Consequently, for these reasons, the Court concludes Plaintiffs have standing to sue AG Wilson.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court AG Wilson's motion to dismiss under Rule 12(b)(1) is **DENIED**. AG Wilson's motion to dismiss under Rule 12(b)(6) remains pending.

**IT IS SO ORDERED.**

Signed this 28th day of September 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE