No. 21-2070

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

DISABILITY RIGHTS SOUTH CAROLINA; ABLE SOUTH
CAROLINA; AMANDA MCDOUGALD SCOTT, individually and on
behalf of P.S., a minor; MICHELLE FINNEY, individually and on
behalf of M.F., a minor; LYUDMYLA TSYKALOVA, individually and on
behalf of M.A., a minor; EMILY POETZ, individually and on behalf of
L.P., a minor; SAMANTHA BOEVERS, individually and on behalf of
P.B., a minor; TIMICIA GRANT, individually and on behalf of E.G., a
minor; CHRISTINE COPELAND, individually and on behalf of L.C., a
minor; HEATHER PRICE, individually and on behalf of H.P., a minor;
CATHY LITTLETON, individually and on behalf of Q.L., a minor,

*Plaintiffs-Appellees*,

v.

HENRY MCMASTER, in his official capacity as Governor of South
Carolina; ALAN WILSON, in his official capacity as Attorney General
of South Carolina,

*Defendants-Appellants*,

and

MOLLY SPEARMAN, in her official capacity as State Superintendent
of Education; GREENVILLE COUNTY SCHOOL BOARD; HORRY
COUNTY SCHOOL BOARD; LEXINGTON COUNTY SCHOOL
BOARD ONE; OCONEE COUNTY SCHOOL BOARD; DORCHESTER
COUNTY SCHOOL BOARD TWO; CHARLESTON COUNTY SCHOOL
BOARD; PICKENS COUNTY SCHOOL BOARD,

*Defendants.*

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

———————————

**RESPONSE IN OPPOSITION TO EMERGENCY MOTION
TO STAY INJUNCTION PENDING APPEAL AND FOR
ADMINISTRATIVE STAY**

———————————

(counsel listed on following page)

David Allen Chaney Jr.
AMERICAN CIVIL LIBERTIES
  UNION OF SOUTH CAROLINA
P.O. Box 20998
Charleston, SC 29413
achaney@aclusc.org

Adam Protheroe
SOUTH CAROLINA
  APPLESEED LEGAL
  JUSTICE FOUNDATION
P.O. Box 7187
Columbia, SC 29202
adam@scjustice.org

B. Randall Dong
Anna Maria Conner
Amanda C. Hess
DISABILITY RIGHTS
  SOUTH CAROLINA
3710 Landmark Dr., Suite 208
Columbia, SC 29204

Rita Bolt Barker
WYCHE, P.A.
200 East Camperdown Way
Greenville, SC 29601
E: rbarker@wyche.com

John A. Freedman
Elisabeth S. Theodore
Tara Williamson
ARNOLD & PORTER KAYE
  SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
john.freedman@arnoldporter.com
elisabeth.theodore@arnoldporter.com
tara.williamson@arnoldporter.com

Louise Melling
Jennesa Calvo Friedman
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad St.
New York, NY 10004
lmelling@aclu.org
jcalvo-friedman@aclu.org

Susan Mizner
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
smizner@aclu.org

*Counsel for Appellees Disability Rights South Carolina; Able South Carolina; Amanda McDougald Scott, individually and on behalf of P.S., a minor; Michelle Finney, individually and on behalf of M.F., a minor; Lyudmyla Tsykalova, individually and on behalf of M.A., a minor; Emily Poetz, individually and on behalf of L.P., a minor; Samantha Boevers, individually and on behalf of P.B., a minor; Timicia Grant, individually and on behalf of E.G., a minor; Christine Copeland, individually and on behalf of L.C., a minor; Heather Price, individually and on behalf of H.P., a minor; Cathy Littleton, individually and on behalf of Q.L., a minor*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..............................................................i

TABLE OF AUTHORITIES .......................................................ii

INTRODUCTION ....................................................................1

STANDARD OF REVIEW..........................................................1

ARGUMENT ...........................................................................2

I.    Defendants' Motion Should Be Denied for Multiple Failures to
Comply with the Appellate Rules and Local Rules .........................2

II.   Defendants Fail to Meet the Standard for a Stay ..........................6

    A.    Defendants Have Not Made a Strong Showing They Will
        Succeed in the Appeal ...........................................................6

        1.    The district court's order is narrow and is not a
            federal mask mandate ...................................................7

        2.    Masking is a reasonable modification that has been
            successfully implemented throughout the country,
            including in Defendant Districts...................................9

        3.    The district court did not abuse its discretion in
            adhering to precedent. ................................................13

    B.    Defendants Have Not Shown They Will Be Irreparably
        Injured Absent a Stay ..........................................................18

    C.    Issuance of a Stay Will Substantially Injure Plaintiffs .......20

    D.    The Public Interest Supports Denial of the Stay .................25

CONCLUSION ........................................................................26

CERTIFICATE OF SERVICE....................................................28

CERTIFICATE OF COMPLIANCE ...........................................29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A Helping Hand, LLC, v. Baltimore Cty., MD,*
515 F.3d 356 (4th Cir. 2008) ............................................................. 15

*American College of Obstetricians v. FDA,*
No. 20-1824, 2021 WL 3276054 (4th Cir. Aug. 13, 2020) .................... 6

*Arc of Iowa v. Reynolds,*
No. 21-cv-00264, 2021 WL 4166728
(S.D. Iowa Sept. 13, 2021) ............................................................. 1, 24

*B.C. v. Mount Vernon Sch. Dist.,*
837 F.3d 152 (2d Cir. 2016) ................................................................ 14

*Banks v. Booth,*
459 F.Supp.3d 143 (D.D.C. 2020) ...................................................... 23

*Barnes v. Gorman,*
536 U.S. 181 (2002) ............................................................................ 15

*Borkowski v. Valley Cent. Sch. Dist.,*
331 F.3d 131 (2d Cir. 1995) .................................................................. 9

*Chaffin v. Kansas State Fair Bd.,*
348 F.3d 850 (10th Cir. 2003) ............................................................. 14

*Constantine v. Rectors & Visitors of George Mason Univ.,*
411 F.3d 474 (4th Cir. 2005) ............................................................... 15

*Cooper v. Aaron,*
358 U.S. 1 (1958) ................................................................................ 19

*Coreas v. Bounds,*
451 F. Supp. 3d 407 (D. Md. 2020) .................................................... 23

*CVS Pharmacy, Inc. v. Doe,*
No. 20-1374, 2021 WL2742790 (U.S.) ............................................... 14

ii

*Doe v. BlueCross BlueShield of Tenn., Inc.*,
  926 F.3d 235 (6th Cir. 2019) ................................................................ 14

*Fry v. Napoleon Cmty. Sch.*,
  137 S. Ct. 743 (2017) ........................................................................... 16

*G.S. by and through Schwaigert v. Lee*,
  No. 21-cv-02552-SHL, 2021 WL 4268285
  (W.D. Tenn. Sept. 17, 2021) .................................................................. 1

*G.S. v. Lee*,
  Case No. 21-cv-02552- SHL-atc, 2021 WL 4057812,
  (W.D. Tenn. Sept. 3, 2021) ................................................................... 24

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) ............................................................................... 2

*Hirschfeld v. Board of Elections in City of New York*,
  984 F.2d 35 (2d Cir. 1992) ..................................................................... 3

*Layton v. Elder*,
  143 F.3d 469 (8th Cir. 1998) ............................................................... 26

*Long v. Robinson*,
  432 F.2d 977 (4th Cir. 1970) ......................................................... 18, 19

*Martinez-Brooks v. Easter*,
  459 F. Supp. 3d 411 (D. Conn. 2020) ................................................... 24

*Middleton v. Andino*,
  990 F.3d 768 (4th Cir. 2020) ........................................... 6, 19, 23, 26

*Nat'l Federation of the Blind v. Lamone*
  813 F.3d 494 (4th Cir. 2016) ......................................... 9, 12, 15, 18, 25

*Nken v. Holder*,
  556 U.S. 418 (2009) ............................................................................... 2

*Olmstead v. L.C. ex rel. Zimring*,
  527 U.S. 581 (1999) ............................................................................. 15

*Payan v. Los Angeles Cmty. Coll. Dist.*,
  No. 19-56111, 2021 WL 3730692 (9th Cir. Aug. 24, 2021) ................. 14

*People First of Ala. v. Sec'y of State for Ala.*,
  815 F. App'x 505 (11th Cir. 2020) ....................................... 3

*Peregrino Guevara v. Witte*,
  No. 6:20-CV-01200, 2020 WL 6940814
  (W.D. La. Nov. 17, 2020) ................................................ 23

*R.K. v. Lee*,
  No. 21-cv-0072, 2021 WL 4391640
  (M.D. Tenn. Sept. 24, 2021) ............................................. 1

*Roe v. Dep't of Def.*,
  947 F.3d 207 (4th Cir. 2020) ....................................... 1, 2, 26

*S.B. v. Lee*,
  No. 21-cv-00317, 2021 WL 4346232
  (E.D. Tenn. Sept. 24, 2021) ............................................. 1

*S.E.C. v. Dunlap*,
  253 F.3d 768 (4th Cir. 2001) ........................................... 3, 4

*Staron v. McDonald's Corp.*,
  51 F.3d 353 (2d Cir. 1995) .............................................. 7

*Swiss Kushner v. Winterhur Swiss Ins. Co.*,
  620 F.2d 404 (3d Cir. 1990) ............................................. 5

*Taliaferro v. N. Carolina St. Bd. of Elections*,
  489 F. Supp. 3d 433 (E.D.N.C. 2020) .................................... 26

*Wright v. N.Y. State Dep't of Corrs.*,
  831 F.3d 64 (2d Cir. 2016) .............................................. 9

*Ex Parte Young*,
  209 U.S. 123 (1908) .................................................... 19

**Rules & Regulations**

28 CFR § 35.130(b)(7) (2016) ............................................. 12

iv

Fed. R. App. P. 8(a)(1) ................................................................ 3

Fed. R. App. P. 8(a)(2) ................................................................ 3

Fed. R. App. P. 8(c) .................................................................... 4

Fed. R. App. P. 30(a)(1) .............................................................. 5

## Other Authorities

Adam Mintzer, *Reporters Q&A with Governor McMaster on SC's COVID-19 Response*, WIS News (September 14, 2021), https://www.wistv.com/2021/09/14/read-reporters-qa-with-gov-mcmaster-scs-covid-19-response/ ................................... 11

John Ingold, *Colorado schools that require masks have lower coronavirus case rates, state says*, Colorado Sun Times (Sept. 23, 2021), https://coloradosun.com/2021/09/23/coronavirus-rates-school-mask-mandates/ ............................................................ 10

*McMaster urges strengthening of local face mask ordinances, allows entertainment venues to open under conditions*, WIS News (July 29, 2020), https://www.wistv.com/2020/07/29/mcmaster-urges-strengthening-local-face-mask-ordinances-allows-entertainment-venues-open-under-conditions/ .................................. 11

Samantha E. Budzyn et al., *Pediatric COVID-19 Cases in Counties With and Without School Mask Requirements — United States, July 1–September 4, 2021*, CENTERS FOR DISEASE CONTROL AND PREVENTION: Morbidity & Mortality Weekly Rep. (Sept. 24, 2021), https://www.cdc.gov/mmwr/volumes/70/wr/mm7039e3.htm?s_cid=mm7039e3_w ......................................................... 11

*The Science on Mask Use in K-12 Schools*, SOUTH CAROLINA DEPT. OF HEALTH & ENVIRONMENTAL CONTROL, (Aug. 20, 2021), https://scdhec.gov/sites/default/files/media/document/Science-on-Mask-Use-in-K-12-Schools_8.20.21_FINAL.pdf .................... 13

Statement of Interest, *E.T. v. Abbott*, No. 21-CV-00717
  (W.D. Tex. Sept. 29, 2021) ...................................................... 1

Terry DeMio, *Cincinnati Children's study: COVID-19 cases,*
  *quarantines lower in schools with mask mandates,*
  Cincinnati Enquirer (Sept. 21, 2021) .................................... 10

## INTRODUCTION

The motion should be denied.  Defendants' motion is improper under Rule 8, and they have not come close to making the required "strong showing" on *any* of the factors necessary to warrant a stay.  The motion is predicated on mischaracterizations of the district court's decision, Plaintiffs' legal theories, and key principles of law.  "In light of the record viewed in its entirety" the district court's decision and "account of the evidence is plausible," *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020), and consistent with federal courts around the country that have enjoined similar state laws.  *R.K. v. Lee*, No. 21-cv-0072, 2021 WL 4391640  (M.D. Tenn. Sept. 24, 2021); *S.B. v. Lee*, No. 21-cv-00317, 2021 WL 4346232 (E.D. Tenn. Sept. 24, 2021); *G.S. by and through Schwaigert v. Le*e, No. 21-cv-02552-SHL, 2021 WL 4268285 (W.D. Tenn. Sept. 17, 2021); *Arc of Iowa v. Reynolds,* No. 21-cv-00264, 2021 WL 4166728 (S.D. Iowa Sept. 13, 2021); see also Statement of Interest, *E.T. v. Abbott*, No. 21-CV-00717 (W.D. Tex. Sept. 29, 2021).

## STANDARD OF REVIEW

On a stay motion, the Court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a

stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

"The decision to grant a[n] injunction" is reviewed "for an abuse of discretion," which "is a deferential standard," and "may not [be] reverse[d] so long as the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Roe*, 947 F.3d at 219 (citations omitted).  A party moving for a stay "must meet a heavy burden of showing not only that the judgment of the lower court was erroneous on the merits, but also that the [movant] will suffer irreparable injury if the judgment is not stayed pending his appeal." *Nken v. Holder*, 556 U.S. 418, 439 (2009) (Kennedy, J., concurring) (internal citations and marks omitted).  As set forth below, Defendants make no such showing.

## ARGUMENT

### I.    Defendants' Motion Should Be Denied for Multiple Failures to Comply with the Appellate Rules and Local Rules

In their rush to this Court, Defendants violated multiple provisions of the Federal Rules of Appellate Procedure and the Fourth Circuit Local Rules.

2

1.  Before coming to this Court, Defendants failed to seek relief in the district court; they have made no showing why that failure should be excused.  Rule 8(a) of the Federal Rules of Appellate Procedure requires a party seeking a stay to "move first in the district court" for relief, Fed. R. App. P. 8(a)(1), unless they can "show that moving first in the district court would be impracticable," Fed. R. App. P. 8(a)(2). Similarly, Local Rule 8 provides that "if an application to the district court for temporary relief pending appeal is not practicable, counsel must make a specific showing of the reasons the application was not made to the district court in the first instance."

As this Court has recognized, the failure to comply with this rule "constitutes an omission [this Court] cannot properly ignore," and warrants denial of the motion.  *See, e.g., S.E.C. v. Dunlap*, 253 F.3d 768, 774 (4th Cir. 2001) (denying motion to stay for failure to comply with Rule 8).  Other Circuits have similarly enforced the rule against states and other government parties.  *See, e.g.*, *People First of Ala. v. Sec'y of State for Ala.*, 815 F. App'x 505, 509 n.6 (11th Cir. 2020); *Hirschfeld v. Board of Elections in City of New York*, 984 F.2d 35, 40-41 (2d Cir. 1992).

3

Defendants filed no motion for relief in the district court.  And Defendants have not come close to making a "specific showing of the reasons" that it would have been impracticable to do so.  In a single sentence, Defendants simply assert that "seeking a stay from the district court is impracticable, given the language of the district court's order and the fact that children are currently in school."  Dkt. 8-1 at 3.  This is the opposite of "specific."  If the mere fact that they lost shows impracticability, Rule 8 would be meaningless.

As for Defendants' assertion that "children are currently in school," Defendants offer no explanation as to why that fact makes it impracticable to seek relief from the district court.  If their point is simply that the district court's injunction is having an effect now, accepting such an argument would again render Rule 8 meaningless.  Defendants have failed to meet the standards of Rule 8, and their motion to stay should be denied.  *See Dunlap*, 253 F.3d at 774.

2.  In their rush to this Court, Defendants also violated Rule 8(c), which states that "the moving party must give reasonable notice of the motion to all parties."  Fed. R. App. P. 8(c). The first notice Plaintiffs received of Defendants' 21-page motion was when it was served

yesterday at 9:10 a.m.  This violation of Rule 8 independently warrants denial of the motion.

3.  Defendants violated Federal Rule of Appellate Procedure Rule 30 by submitting a deficient Appendix that fails to include all "relevant docket entries in the proceeding below." Fed. R. App. P. 30(a)(1). Of particular note, Defendants failed to include Plaintiffs' submissions on September 7 (ECF 41), September 14 (ECF 70), September 23 (ECF 76), and September 27 (ECF 78), all of which support the entry of the preliminary injunction below.  And Defendants have failed to include copies of their oppositions below (ECF 55 & 58) which make clear that many of the arguments that are raised in their brief were not raised below and are waived for purposes of this appeal. *Cf. Swiss Kushner v. Winterhur Swiss Ins. Co.*, 620 F.2d 404, 406-08 (3d Cir. 1990) (dismissing appeal for failure to contain relevant docket entries and a copy of the notice of appeal).

4.  As discussed below, Defendants have also raised arguments and purported to offer evidence in their stay motion  not presented to the district court. Dkt. 8-1.  This Court should deny Defendants' motion

and either strike Defendants' motion from the record or remand the case for further briefing.

## II.    Defendants Fail to Meet the Standard for a Stay

Defendants have not satisfied any of the prerequisites for a stay pending appeal set forth above.  This Court has repeatedly recognized the importance of granting injunctive relief to protect the public health in the face of the COVID-19 pandemic, and has refused stays of district court orders that grant such relief.  *See, e.g., Middleton v. Andino*, 990 F.3d 768 (4th Cir. 2020) (en banc); *id.* at 769-770 (King, J., concurring); *American College of Obstetricians v. FDA*, No. 20-1824, 2021 WL 3276054 (4th Cir. Aug. 13, 2020).  It should do the same here.

### A.    Defendants Have Not Made a Strong Showing They Will Succeed in the Appeal

By any metric, the district court did not abuse its discretion in concluding that Plaintiffs are likely to succeed on the merits of their claims.  Defendants make no showing to unsettle this conclusion.  Rather, their argument is premised on a radical revision of the long held understanding of the ADA and Section 504 – one that would strip the acts of their reasonable modification and disparate impact claims.

The court can hardly be said to have abused its discretion in rejecting this argument and instead following decades of case law.

### 1. The district court's order is narrow and is not a federal mask mandate

Defendants warn that the district court's order "results in a federal mask mandate in schools." Dkt. 8-1 at 1, 5. But of course it does not. As Defendants acknowledge, the district court order "enjoined only the Proviso." Dkt. 8-1 at 5. Far from requiring a universal policy, the injunction does one simple thing: It gives school districts discretion to make fact specific determinations about how to ensure all of their students have access to the classroom.

As Plaintiffs noted below, the question of what is a "reasonable accommodation" is a fact-specific inquiry that must account for infection rates, classroom size and density, a student's vulnerability to infection, and the availability of other safety protocols. ECF 70 at 17; *see*, *e.g.*, *Staron v. McDonald's Corp.*, 51 F.3d 353, 356 (2d Cir. 1995) ("[I]t is clear that the determination of whether a particular modification is 'reasonable' involves a fact-specific, case-by-case inquiry[.]"). For some schools, the ADA might require universal masking. For others, masking in particular classrooms, bathrooms, and in the lunchroom

might be sufficient to ensure equal access for students with disabilities, and thus adequate to comply with the ADA.  In a small school, without any students at risk of severe illness from COVID, no modifications may be required.  But until the district court enjoined Proviso 1.108, South Carolina law barred even the most obvious and narrowly targeted mask requirement—say, that a school nurse must wear a mask while attending to a child with asthma.

Furthermore, Defendants' rhetoric that the ADA and Rehabilitation Act cannot support "such a sweeping federal decree," Dkt. 8-1 at 7, is belied by practice and history.  Many school districts across the country, including in North Carolina, Virginia, Maryland, and Georgia, have adopted masking requirements.  And by design, these two anti-discrimination statutes have sparked groundbreaking and widespread changes in our society.  Because of these two venerated laws, much of the nation's entire physical infrastructure has been overhauled, interpreters and closed captioning in public communications are widespread, and persons with disabilities have been welcomed into public life.  Congress intended that these statutes would spur us towards a society where an individual's disability is not a

barrier to the classroom.  In the current reality of spreading COVID-19, it is not a stretch for that vision to include masks.

### 2. Masking is a reasonable modification that has been successfully implemented throughout the country, including in Defendant Districts

#### a. Masking Easily Satisfies the Legal Test for a Reasonable Modification Under the ADA

"A modification is reasonable if it is 'reasonable on its face' or used 'ordinarily or in the run of cases' and will not cause 'undue hardship.'" *Nat'l Federation of the Blind v. Lamone* 813 F.3d 494, 507 (4th Cir. 2016) (citation omitted)).  "[T]he burden of establishing the reasonableness of an accommodation is 'not a heavy one' and it 'is enough for the plaintiff to suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits.'" *Id.* at 507-08 (quoting *Borkowski v. Valley Cent. Sch. Dist.*, 331 F.3d 131, 138 (2d Cir. 1995)).

As the district court already found, Plaintiffs have easily met this light burden.  To start, masking requirements are effective. *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) ("The hallmark of a reasonable accommodation is effectiveness.").  On this point, there is little dispute.  The Centers for Disease Control ("CDC"),

the South Carolina Department of Health and Environmental Control ("DHEC"), and the American Academy of Pediatrics ("AAP") all recommend universal masking for all students indoors.  App. 68.(citing recommendations from each organization).  These data-driven recommendations also continue to be reinforced by new research showing the effectiveness of school masking requirements.  For example:

- A recent study by Cincinnati Children's Hospital found that Ohio students contracted COVID-19 at a 78% higher rate in partially masked schools than in those that enforced universal masking.[1]

- Similar results were shown in Colorado, where COVID-19 rates were 20% higher in school districts that did not enforce masking requirements.[2]

---

[1] Terry DeMio, *Cincinnati Children's study: COVID-19 cases, quarantines lower in schools with mask mandates,* Cincinnati Enquirer (Sept. 21, 2021), https://www.cincinnati.com/story/news/2021/09/21/cincinnati-childrens-study-masks-lower-covid-19-cases-quarantines-school/5800121001/.

[2] John Ingold, *Colorado schools that require masks have lower coronavirus case rates, state says* Colorado Sun Times (Sept. 23, 2021),

- A CDC research study published on September 24, 2021
  revealed more of the same, finding that "[a]fter controlling
  for covariates, school mask requirements remained
  associated with lower daily case rates of pediatric COVID-
  19."[3]

Governor McMaster has repeatedly urged South Carolinians to
wear masks, and has even suggested they have benefits when worn in
schools.[4] Even more compelling, upon recommendation by the South
Carolina Department of Education, many South Carolina school

---

https://coloradosun.com/2021/09/23/coronavirus-rates-school-mask-mandates/.

[3] Samantha E. Budzyn et al., *Pediatric COVID-19 Cases in Counties With and Without School Mask Requirements — United States, July 1– September 4, 2021*, CENTERS FOR DISEASE CONTROL AND PREVENTION: Morbidity & Mortality Weekly Rep. (Sept. 24, 2021), https://www.cdc.gov/mmwr/volumes/70/wr/mm7039e3.htm?s_cid=mm70 39e3_w.

[4] *See, e.g., McMaster urges strengthening of local face mask ordinances, allows entertainment venues to open under conditions*, WIS News (July 29, 2020), https://www.wistv.com/2020/07/29/mcmaster-urges-strengthening-local-face-mask-ordinances-allows-entertainment-venues-open-under-conditions/; Adam Mintzer, *Reporters Q&A with Governor McMaster on SC's COVID-19 Response*, WIS News (September 14, 2021), https://www.wistv.com/2021/09/14/read-reporters-qa-with-gov-mcmaster-scs-covid-19-response/.

districts enforced masking requirements during much of the 2020-21 school year without issue.  App. 35. 38.

Defendants offer no explanation for how or why a reasonable safety measure from last year transformed into an unreasonable restriction over summer break.  In any event, as this Court has astutely pointed out, a modification cannot be called unreasonable if it was already "voluntarily implemented by defendants . . . without any apparent incident."  *Lamone*, 813 F.3d at 508.

The district court was correct to conclude that South Carolina cannot prohibit masking as an accommodation without violating Title II of the ADA and Section 504 of the Rehabilitation Act.  Because the order was properly entered based on the law and facts presented, there is no basis for a stay.

> b.  <u>Defendants Offer No Explanation for How Masking Would Fundamentally Alter the Educational Environment</u>

Importantly, the only defense to reasonable modification requested under Title II is an affirmative showing that such a modification "would fundamentally alter the nature of the service, program, or activity."  *See* ECF 70 at 6-17 (citing 28 CFR § 35.130(b)(7)

(2016)).  But conspicuously, Defendants fail even to *argue* that masking "fundamentally alters" the services, programs, or activities of South Carolina schools.  Even if raised, such arguments would run contrary to the statements of DHEC[5]and Defendant Spearman—the State Superintendent of Education.

If Defendants are to prevail on the merits, they must show why masks would "fundamentally alter" schools' ability to provide their core services, programs, or activities.  Having not even tried, this Court should deny Defendants' Motion to Stay.

> ### 3.    The district court did not abuse its discretion in adhering to precedent

>> a.    Reasonable Modification

In granting the preliminary injunction, the district court held that Plaintiffs were likely to succeed on the merits of their reasonable modification claim.  App. 242.  Defendants assert that the district court abused its discretion because it failed to make a novel ruling – unsupported by any case law – that there is no private right of action to

---

[5] *The Science on Mask Use in K-12 Schools*, SOUTH CAROLINA DEPT. OF HEALTH & ENVIRONMENTAL CONTROL, (Aug. 20, 2021), https://scdhec.gov/sites/default/files/media/document/Science-on-Mask-Use-in-K-12-Schools_8.20.21_FINAL.pdf at *6.

bring a reasonable modification claim under Title II and § 504. Dkt. 8-1 at 8-14. The court did not abuse its discretion in rejecting this argument.

Here, as below, Defendants fail to identify *any* cases that support their position. They point to the Supreme Court's grant of *certiorari* in *CVS Pharmacy, Inc. v. Doe*, No. 20-1374, 2021 WL 2742790 (U.S.), and to *Doe v. BlueCross BlueShield of Tenn., Inc.*, 926 F.3d 235 (6th Cir. 2019). But neither case addresses the question of reasonable modifications under the ADA, the basis on which the district court rested its ruling; these cases concern disparate impact claims under Section 504.[6] Similarly, Defendants cite no cases rejecting a private right of action for a reasonable modification claim under the ADA.

In contrast to Defendant's assertions stand the repeated pronouncements of this Court. "Title II allows plaintiffs to pursue three distinct grounds for relief: (1) intentional discrimination or disparate

---

[6] These cases do little to advance Defendants' disparate impact argument. *Doe*, in finding disparate impact claims were not cognizable under the Rehabilitation Act, diverged from the Second, Seventh, Ninth, and Tenth Circuits. *Payan v. Los Angeles Cmty. Coll. Dist.*, No. 19-56111, 2021 WL 3730692 (9th Cir. Aug. 24, 2021); *Chaffin v. Kansas State Fair Bd.*, 348 F.3d 850, 859–60 (10th Cir. 2003); *also see B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158 (2d Cir. 2016).

treatment; (2) disparate impact; and (3) failure to make reasonable accommodations." *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 503 n.5 (4th Cir. 2016); *id.* at 503 n.4 ("Claims under the ADA's Title II and the Rehabilitation Act can be combined for analytical purposes because the analysis is substantially the same.") (internal quotation marks omitted)). *See also A Helping Hand, LLC, v. Baltimore Cty.*, MD, 515 F.3d 356, 362 (4th Cir. 2008) (accord); *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 491 (4th Cir. 2005) ("Section 504 is enforceable through private causes of action") (citing *Barnes v. Gorman,* 536 U.S. 181, 185 (2002)). Furthermore, in *Lamone*, a case brought by private plaintiffs, this Court held in their favor on the theory that defendants' failure to make reasonable modifications denied "disabled individuals meaningful access to Maryland's absentee voting program." 813 F.3d 494, 503 n.5, 506-07 (4th Cir. 2016). Then there is *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999), itself. In that case, the Court found discrimination under Title II of the ADA, on a reasonable modification theory. This case was also brought by private plaintiffs. These cases amply demonstrate the common understanding that there is a private right of action for reasonable modification claims

under the ADA and Section 504. These cases also stand in contrast to the absence of relevant case law from Defendants.

Finally, it bears emphasis that, in arguing there is no private right of action for a reasonable modification claim, Defendants' brief makes no distinction between disparate impact and reasonable modification or between the ADA and Section 504 of the Rehabilitation Act. Dkt. 8-1 at 16-22. Every case on which Defendants rely – to the extent they address the ADA or Section 504 – addresses disparate impact claims only under Section 504.[7] Dkt. 8-1 at 9.

In short, Defendants cannot show the district court abused its discretion in rejecting their novel claim, one that has no precedent, and one that would write out of the ADA and the Rehabilitation Act the commonly accepted and even paradigmatic claims asserting a reasonable modification claim that is not motivated by animus. *See Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 755 (2017).

      b.   <u>Disparate Impact</u>

---

[7] Even as to disparate impact, Defendants' brief fails to note the many cases that expressly recognized a private right of action. *See supra note 7.*

Because the District Court found that Plaintiffs met their burden of demonstrating likelihood of success on the merits for their failure to make reasonable accommodations claim, it determined that it "need not address the parties' other arguments." Op. at 14. Thus, Defendants are wrong to assert that the District Court ruled on Plaintiffs' disparate impact claims. *See* Dkt. 8-1 at. 2, 9. That said, Plaintiffs' likelihood of success on the merits on their disparate impact claims provides an alternative ground for denying Defendants' request for a stay. Defendants do not dispute the merits. They argue only that there is no private right of action. The argument fails.

First, Defendants point to no cases that reject a private right of action for a disparate impact claim under Title II of the ADA. Such a claim under Title II alone provides an independent ground for injunctive relief. Second, the only authority on which Defendants relies as to disparate impact under Section 504 is a single out of circuit decision and a grant of *certiorari*. Dkt. 8-1 at 8.

There is no credible claim that the district court erred in rejecting this argument, particularly where this Court, and other circuits, have recognized that Title II and Section 504 allow private plaintiffs to

pursue claims for relief grounded in "disparate impact." *Lamone*, 813 F.3d at 503 n.4 & n.5; *see* note 7, *supra*. Defendants have failed to meet their burden, as the party seeking the stay, to show that they "will likely prevail" on the merits. *See Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

In sum, Defendants have made no showing that the district court abused its discretion in holding Plaintiffs are likely to succeed on the merits.

### B. Defendants Have Not Shown They Will Be Irreparably Injured Absent a Stay

Defendants argue that "the Governor, Attorney General, as well as the State, will be irreparably harmed absent a stay." Dkt. 8-1 at 18-19. In the proceeding below, the Attorney General did not contend that he would be irreparably harmed by entry of an injunction, *see* ECF 55; *see also* ECF 70 at 27 (noting that only Governor McMaster contested this issue); accordingly, his contention that he will be harmed is waived.

The Governor's sole argument for irreparable injury is that a state suffers an irreparable injury whenever it is enjoined from implementing its statutes. Dkt. 8-1 at 18. But that sort of naked assertion is patently insufficient to establish irreparable injury and entitlement to a stay. It

has been established law for over a century that federal courts can prospectively enjoin state officials from enforcing state laws to prevent violations of federal law. *Ex Parte Young*, 209 U.S. 123 (1908). Defendants' contention ignores basic principles of federalism. *See, e.g., Cooper v. Aaron*, 358 U.S. 1, 17 (1958) (the "rights of children not to be discriminated against in school admission . . . can neither be nullified openly and directly by state legislators or state executives or judicial officers, nor nullified indirectly by them through evasive schemes. . . "). And it is inconsistent with basic notions of democracy upon which our constitutional system rests. Defendants advance no other form of irreparable harm. Dkt. 8-1 at 18-19. Moreover, none of the Defendants argued below that enjoining Proviso 1.108 would create any administrative burden or associated cost, or identified any benefit from continued enforcement of Proviso 1.108. *See* ECF 54, 55, 57, 58; *see also* ECF 70 at 27. Even if Defendants had made this argument below, such assertions fall well short of substantiating the type of harm that the Fourth Circuit has held a governmental entity must demonstrate to establish entitlement to a stay from injunctive relief. *See, e.g., Long v. Robinson*, 432 F.2d 977, 980 (4th Cir. 1970); *Middleton*, 990 F.3d at 770

(King, J., concurring) ("a stay pending appeal is in no way warranted" even considering "South Carolina's interests of investigating voter fraud").

## C. Issuance of a Stay Will Substantially Injure Plaintiffs

Defendants also argue that "Appellees will not be substantially harmed by a stay." Dkt. 8-1 at 19-21. Most of these points were not raised below—indeed, the Attorney General did not dispute that Plaintiffs would be irreparably harmed below, *see* ECF 55; *see also* ECF 70 ECF 70 at 20 (noting that Wilson did not contest this issue). In any event, these arguments do not come close to meeting the standard for a stay.

In the proceedings below, Plaintiffs asserted three discrete bases for irreparable harm: 1) violations of Plaintiffs' civil rights protected under anti-discrimination laws, ECF 16-1 at 20; 2) loss of educational opportunities because parents of children with disabilities do not feel safe sending their kids to school, ECF 16-1 at 21-22; ECF 70 at 24-26; and 3) the risk presented from heightened exposure to COVID-19, a life-threatening virus that poses significant risks to people with certain disabilities, ECF 16-1 at 20-21; ECF 70 at 21-24.

In this Court as below, Defendants do not address or otherwise challenge that Plaintiffs have established irreparable harm because of their loss of educational opportunities and inability to safely attend school, or by having their civil rights violated. *See* Dkt. 8-1. They have accordingly waived the issue

With regard to exposure to COVID-19, the District Court noted that the expert medical evidence submitted by Plaintiffs established likelihood of irreparable harm, noting:

- "pediatric COVID-19 cases comprise an increasing share of overall COVID-019 cases both in the United State and South Carolina,"

- "South Carolina has the fourth highest cumulative case rate per 100,000 children in the United States, with over 9,500 recorded pediatric cases per 100,000," and

- The Governor had conceded that eighteen South Carolina children have died from COVID-19.

App. 242-243. In addition to these findings, Plaintiffs submitted supplemental evidence below that:

- the Plaintiff children have disabilities that make them particularly vulnerable to serious health complications if they contract COVID-19, ECF 16-1 at 6-10, ECF 70 at 23-24;

- over 40,000 South Carolina children had contracted COVID-19 since suit was filed in late August, ECF 76 at 1;

- in mid-September, South Carolina was experiencing its highest rate ever for new infections and hospitalizations, ECF 70 at 1;

- in early September, South Carolina was reporting the highest rate of new COVID-19 cases in the County, ECF 41 at 2-3;

- in early September, the South Carolina Children's Hospital Collaborative reported 34 child hospitalizations, including 17 children in intensive care, and 8 on life support, ECF 41 at 4; and

- South Carolina's rates of childhood COVID-19 incidence remained among the highest reported in the United States. ECF 70 at 2.

Against this backdrop, Defendants argue that the District Court "ignored *Winter*" is palpably false, *see* App. 232, 233, 242. And Defendants cite no support for their radical argument that Plaintiffs have to prove that it is more probable than not that a specific Plaintiff will contract COVID-19 in the absence of the injunction, much less suffer a severe outcome. Dkt 81-1 at 19-20. On Defendants' theory, a court would be unable to enjoin a state law banning seatbelts in patent violation of federal law, because no plaintiff would be able to show that he was more likely than not to get into a crash.

In any event, as noted, Plaintiffs introduced extensive evidence about the extreme, high risks that COVID-19 presents to disabled children in a non-masked environment. *See* App. 59-90, 112-119, 122-

137, 142-192, 199-207. Defendants' glib assertions that the risk of contracting COVID-19 is "still low," Dkt. 8-1 at 20, are predicated entirely on attorney argument.

Defendants' analysis also ignores consistent findings from this Court, and from district courts in this Circuit, that increased risk of exposure to COVID-19 poses a tremendous risk of irreparable harm. *See, e.g., Middleton*, 990 F.3d 769-770 (King, J., concurring) ("the spread of COVID-19 has worsened in South Carolina . . . [the injunction] protects countless [people] who would otherwise have to choose between avoiding needless exposure to a deadly virus and exercising their fundamental right to vote"); *Coreas v. Bounds*, 451 F. Supp. 3d 407, 428-29 (D. Md. 2020) (finding COVID-19 exposure risks irreparable harm); *Banks v. Booth*, 459 F.Supp.3d 143, 159 (D.D.C. 2020) (same); *Peregrino Guevara v. Witte*, No. 6:20-CV-01200, 2020 WL 6940814, at *8 (W.D. La. Nov. 17, 2020) (noting that "[i]t is difficult to

dispute that an elevated risk of contracting COVID-19 poses a threat of irreparable harm").[8]

And as the district court noted, numerous other courts around the country have concluded that irreparable harm is demonstrated by the threat of COVID-19 to students with disabilities. App. 243 (citing *The Arc of Iowa v. Reynolds*, Case No. 4:21-cv-00264, 2021 WL 4166728, at *9 (S.D. Iowa Sept. 13, 2021) ("Because [the disabled] Plaintiffs have shown that [Iowa's] ban on mask mandates in schools substantially increases their risk of contracting the virus that causes COVID-19[,] and that due to their various medical conditions they are at an increased risk of severe illness or death, Plaintiffs have demonstrated that an irreparable harm exists."); *G.S. v. Lee*, Case No. 21-cv-02552-SHL-atc, 2021 WL 4057812, at *8 (W.D. Tenn. Sept. 3, 2021) (similar).

In light of the foregoing, Defendants have not come close to meeting their burden to show entitlement to the stay.

---

[8] The overwhelming weight of federal authority shows that "[t]he risk of contracting COVID-19 … constitutes irreparable harm." *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 447–48 (D. Conn. 2020).

### D.   The Public Interest Supports Denial of the Stay

As the district court recognized "the public interest does not lie with enforcement of a state law that violates the laws which Congress has passed to prevent discrimination based on disability.  Moreover, there is little harm to enjoining Proviso 1.108 and permitting the public-school districts to satisfy their burden to make reasonable modifications under Title II and Section 504."  App. 244.

Again, Defendants raise points not raised below.  As the district court noted, "AG Wilson fails to address" the public interest.  App. 244.  The Governor has changed the arguments he made below, ECF 58 at 35, and now emphasizes that "injecting the judiciary into the debate on mask mandates undermines public confidence in the courts" and "presents significant federalism and separation-of-powers concerns." Dkt. 8-1 at 21.  But it is Defendants who scorn local control in favor of a sweeping state prohibition.

There is a strong public interest in promoting the nation's anti-discrimination laws.  *See, e.g., Lamone*, 813 at 505-06 (affirming injunction, noting "Congress concluded there was a compelling need for a clear and comprehensive national mandate to both eliminate

discrimination and to integrate disabled individuals into the social mainstream of American life"); *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998) (the "public interest strongly favors" enforcement of Title II of the ADA); *Taliaferro v. N. Carolina St. Bd. of Elections*, 489 F. Supp. 3d 433, 439 (E.D.N.C. 2020) ("The public interest does not lie with enforcement of those state procedures which violate the laws which Congress has passed to prevent discrimination based upon disability"). Courts have also found that "the public interest is clearly in . .. preventing the further spread of disease, particularly in the context of the worst pandemic this state, country, and planet have seen in over a century." *Middleton*, 990 F.3d at 770  (King, J., concurring) (citing district court findings).

The district court's conclusions regarding the public interest are "plausible in light of the record viewed in its entirety," *Roe,* 947 F.3d at 219, and do not warrant a stay.

## CONCLUSION

For the foregoing reasons, Defendants' Emergency Motion to Stay Injunction Pending Appeal and for Administrative Stay must be denied.

Dated: October 1, 2021

Respectfully submitted,
*s/ John A. Freedman*

David Allen Chaney Jr.
 AMERICAN CIVIL LIBERTIES
  UNION OF SOUTH CAROLINA
P.O. Box 20998
Charleston, SC 29413
achaney@aclusc.org

Adam Protheroe
SOUTH CAROLINA
 APPLESEED LEGAL
 JUSTICE FOUNDATION
P.O. Box 7187
Columbia, SC 29202
adam@scjustice.org

B. Randall Dong
Anna Maria Conner
Amanda C. Hess
DISABILITY RIGHTS
 SOUTH CAROLINA
3710 Landmark Dr., Suite 208
Columbia, SC 29204

Rita Bolt Barker
WYCHE, P.A.
200 East Camperdown Way
Greenville, SC 29601
E: rbarker@wyche.com

John A. Freedman
Elisabeth S. Theodore
Tara Williamson
ARNOLD & PORTER KAYE
 SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
john.freedman@arnoldporter.com
elisabeth.theodore@arnoldporter.com
tara.williamson@arnoldporter.com

Louise Melling
Jennesa Calvo Friedman
AMERICAN CIVIL LIBERTIES
 UNION FOUNDATION
125 Broad St.
New York, NY 10004
lmelling@aclu.org
jcalvo-friedman@aclu.org

Susan Mizner
AMERICAN CIVIL LIBERTIES
 UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
smizner@aclu.org

*Counsel for Appellees Disability Rights South Carolina; Able South Carolina; Amanda McDougald Scott, individually and on behalf of P.S., a minor; Michelle Finney, individually and on behalf of M.F., a minor; Lyudmyla Tsykalova, individually and on behalf of M.A., a minor; Emily Poetz, individually and on behalf of L.P., a minor; Samantha Boevers, individually and on behalf of P.B., a minor; Timicia Grant, individually and on behalf of E.G., a minor; Christine Copeland, individually and on behalf of L.C., a minor; Heather Price, individually and on behalf of H.P., a minor; Cathy Littleton, individually and on behalf of Q.L., a minor*

27

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing response in opposition to emergency motion to stay injunction pending appeal and for administrative stay was filed electronically on October 1, 2021 and will, therefore, be served electronically upon all counsel.

s/ *John A. Freedman*

John A. Freedman

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 27(d)(2) and 32(g), the undersigned counsel for appellee certifies the following:

1.      This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 5,028 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared using Microsoft Office Word 365 and is set in Century Schoolbook font in a size equivalent to 14 points or larger.

s/ *John A. Freedman*

John A. Freedman