IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DISABILITY RIGHTS SOUTH CAROLINA; ABLE SOUTH CAROLINA; AMANDA McDOUGALD SCOTT, individually and on behalf of P.S., a minor; MICHELLE FINNEY, individually and on behalf of M.F., a minor; LYUDMYLA TSYKALOVA, individually and on behalf of M.A., a minor; EMILY POETZ, individually and on behalf of L.P., a minor; SAMANTHA BOEVERS, individually and on behalf of P.B., a minor; TIMICIA GRANT, individually and on behalf of E.G., a minor; CHRISTINE COPELAND individually and on behalf of L.C., a minor; HEATHER PRICE, individually and on behalf of H.P., a minor; and CATHY LITTLEJOHN, individually and on behalf of Q.L., a minor, | |
| | Civil Action No.: 3:21-cv-2728-MGL |
| *Plaintiffs*, | |
| v. | **GOVERNOR MCMASTER'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |
| HENRY McMASTER, in his official capacity as Governor of the State of South Carolina; and ALAN WILSON, in his official capacity as Attorney General of South Carolina; MOLLY SPEARMAN, in her official capacity as State Superintend of Education; GREENVILLE COUNTY SCHOOL DISTRICT; HORRY COUNTY SCHOOL DISTRICT; LEXINGTON COUNTY SCHOOL DISTRICT ONE; OCONEE COUNTY SCHOOL DISTRICT; DORCHESTER COUNTY SCHOOL DISTRICT TWO; CHARLESTON COUNTY SCHOOL DISTRICT; and PICKENS COUNTY SCHOOL DISTRICT, | |
| *Defendants*. | |

**COMES NOW** Defendant Henry McMaster, in his official capacity as Governor of the State of South Carolina ("Governor McMaster" or "Governor"), by and through the undersigned counsel, and hereby moves the Court for an order dismissing Plaintiffs' Amended Complaint (ECF No. 102) in the above-captioned matter pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## INTRODUCTION

Plaintiffs amended their Complaint to correctly identify the school districts where their children attend school. None of their other allegations have changed.

The Governor moves to dismiss the Amended Complaint for the same reasons he moved to dismiss the original Complaint, and he incorporates by reference the arguments he made in his Memorandum in Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction and in Support of Governor McMaster's Motion to Dismiss (ECF No. 58)—which the Court had not yet ruled on prior to Plaintiffs filing their Amended Complaint—as well as the Emergency Motion to Stay Injunction Pending Appeal and for Administrative Stay (ECF Nos. 86, 87-2). Briefly, those included: the logic of Plaintiffs' ADA and § 504 claims effectively and incorrectly convert those statutes to impose or require federal mask mandates; Plaintiffs do not have a private right of action to assert those claims under a disparate-impact or failure-to-accommodate theory; greater deference is owed to the General Assembly's resolution of a disputed scientific issue; and Plaintiffs' ARPA preemption claim (which falls under *Dole*'s Spending Clause analysis) fails because it relies on an agency regulation to supposedly clarify what the statute says.

---

[1] Pursuant to Local Civil Rule 7.04 (D.S.C.), a full explanation of the Motion is contained here, so a separate memorandum is not being filed.

Particularly in view of the Court's Order granting Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction (ECF No. 80), there is now yet another reason to dismiss Plaintiffs' claims, and it has to do with the very school districts whose names have been corrected. Plaintiffs told this Court that the only way their children would be safe at school is if "everyone" was required to wear a mask. Shortly after this Court's injunction, multiple school districts who are Defendants here announced they would *not* enact mask mandates. Yet Plaintiffs did nothing after the Court's Order failed to redress their claimed injuries. They did not come back to this Court, or to any other state or federal court, seeking a mandatory injunction requiring masks in their children's schools. But if Plaintiffs' allegations are true, then they should have done so, and their failure to act after the Court enjoined the Proviso did not alter the ultimate status quo underscores that their claims are, at bottom, generalized grievances that this Court cannot redress via this litigation. Their own contradictory actions, or lack thereof, mean their claims fail and the Amended Complaint should be dismissed.

Plaintiffs' Amended Complaint suffers from a second flaw that has yet to be discussed: If masks really must be mandated to avoid the potential injuries of which Plaintiffs complain, school districts are already free to impose them, just as long as they do not use state-authorized or -appropriated funds. Therefore, there is no controversy between Plaintiffs and the Governor. Plaintiffs cannot meet the redressability and traceability elements of standing, because the South Carolina Supreme Court has noted that the Proviso does not foreclose the possibility of school districts enacting mask mandates using other funds. The fact that the Court's injunction of the Proviso did not result in any school district named as a Defendant adopting or enforcing a mask mandate further demonstrates the nonjusticiable nature of Plaintiffs' generalized grievances.

**LEGAL STANDARD**

A motion to dismiss must be granted whenever a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, "a plaintiff must plead enough factual allegations 'to state a claim to relief that is plausible on its face.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court must accept only "well-pleaded allegations" "as true and draw all reasonable factual inferences from those facts in the plaintiff's favor." *Harrell v. Freedom Mortg. Corp.*, 976 F.3d 434, 439 n.5 (4th Cir. 2020) (internal alteration omitted). But the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Plaintiffs must "allege facts sufficient to state all the elements of [their] claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

A court must dismiss any case over which it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Standing is a requirement for subject-matter jurisdiction. *Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir. 2017).

**ARGUMENT**

**I.     Plaintiffs' failure to seek further injunctive relief refutes the basis of their claims.**

Plaintiffs' claims are based on a simple syllogism: Schools are not safe without masks. Students with disabilities cannot attend a school that is not safe. Therefore, students with disabilities cannot attend schools without universal mask mandates. Indeed, at no point have Plaintiffs disagreed with this syllogism.

Based on this argument, Plaintiffs sought a preliminary injunction to enjoin the Proviso. *See* ECF No. 16. The Court granted them that preliminary injunction. *See* ECF No. 80. That meant

that South Carolina law no longer prohibited the use of state-authorized or -appropriated money to announce or enforce a mask mandate.

But the preliminary injunction did not mean that masks would be required in public schools. *See* ECF No. 80, at 12 ("the Court concludes allowing school districts, *at their discretion*, to require face coverings is a reasonable modification" (emphasis added)). In fact, within days of the injunction, multiple school districts named as Defendants here affirmatively announced they would *not* impose a mask mandate. *See* Lauren Adam, *Lexington One Will Not Make Masks Mandatory Following Federal Judge Ruling*, WIS (Sept. 29, 2021), https://tinyurl.com/d3spn88p; Krys Merryman, *Greenville County Schools Will Not Implement Mask Mandate Amid Federal Court Ruling*, Greenville News (Oct. 1, 2021), https://tinyurl.com/hz445bd3; *Oconee County Schools Announces Decision on Mask Mandate*, WYFF (Sept. 29, 2021), https://tinyurl.com/na7dmd4e. Of the seven school district Defendants, only Charleston currently requires students, teachers, and staff to wear masks, which it did prior to the Court's injunction. The other six do not.

Plaintiffs told this Court that their children would be safe only "if everyone was wearing a mask" or their children were "in a fully masked environment." ECF Nos. 16-4, at 1 (McDougald Scott, in Greenville); 16-5, at 1 (Poetz, in Pickens); 16-6, at 1 (Tsykalova, in Pickens); 16-7, at 1 (Price, in Lexington One); 16-8, at 1 (Littleton, in Oconee); 16-9, at 1 (Boevers, in Charleston); 16-10, at 1 (Copeland, in Horry); 16-11, at 1 (Grant, in Greenville); 16-12, at 1 (Finney, in Dorchester Two). Based on Plaintiffs' own declarations, in the six school districts without mask mandates in effect, Plaintiffs' children are as unsafe at school today as they were before the Court enjoined the Proviso. And nothing changed after the injunction in Charleston County, where the school district had imposed a mask mandate before this Court entered the preliminary injunction

4

and claimed it was not using state-authorized or -appropriated funds for that mandate. *See Update on CCSD Board of Trustees' Decision about Face Coverings*, Charleston Cty. Sch. Dist., https://tinyurl.com/nw2s9c3e (last accessed Oct. 21, 2021).

Were Plaintiffs' contention that everyone must wear a mask for their children to be safe true, the moment that school districts did not enact a mask mandate after the preliminary injunction was entered, Plaintiffs should have come to this Court ask for another (and this time) mandatory preliminary injunction, ordering those districts to enact mask mandates. That Plaintiffs failed to do so is fatal to their claims, as it shows that universal masking—the fundamental premise of their theory—is not required.

Plaintiffs can find no refuge in the fact that the Delta surge is waning.[2] First, their claims were never based on the idea that, at some point, COVID-19 transmission levels could be low enough masks are not needed. To the contrary, their declarations are adamant that COVID-19 is such a threat that universal masking is the only solution that makes schools safe for their children while COVID-19 exists. In their appellate filings, Plaintiffs tried to walk back their declarations, arguing what was necessary varied by school. *See* ECF No. 87-2, at 15–16. But these arguments do not change what Plaintiffs swore under penalty of perjury: "everyone" must wear a mask for schools to be safe.

---

[2] Throughout this litigation, Plaintiffs have pointed to cumulative numbers to say the situation is getting worse. *See, e.g.*, ECF No. 88, at 1. A proper view looks at the trend of cases. And the trend is clear. Overall across the State, cases are down more than 80 percent from their September 6 high. *See County-Level Data for COVID-19*, S.C. Dep't Health & Envtl. Control, https://tinyurl.com/ac62h5hw (last accessed Oct. 21, 2021). Similarly, the number of schools with more than five active COVID-19 cases has also dropped dramatically in the past month, as most schools now report four or fewer cases. *See COVID-19 Associated with Students & Staff*, S.C. Dep't Health & Envtl. Control, https://tinyurl.com/82hdtuwa (last accessed Oct. 21, 2021).

5

Second, to the extent that Plaintiffs can plausibly say that implicit in their declarations was the idea that their statements about "everyone" having to wear a mask only applied while cases were higher, Plaintiffs run directly into a *South Bay* problem. How much of a decline in cases is enough? When is the risk of spread in school low enough? These are precisely the types of questions "fraught with medical and scientific uncertainties" about "safety and health of the people" that an "unelected federal judiciary . . . lacks the background, competence, and expertise to assess public health" to answer. *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613–14 (2020) (Roberts, C.J., concurring in denial of application for injunctive relief). To the extent Plaintiffs' claims turn on such questions, the Supreme Court has made clear that decisions by the political branches deserve great deference. Without such deference, federal courts are left to determine if a 31 percent decline is enough. Or a 46 percent decline. Or a 77 percent decline. They are also left to determine whether conditions at some schools in a district mean federal law requires masks but different conditions at other schools do not. In short, to the extent Plaintiffs now contend that masks are not always required in connection with COVID-19, they would have this Court and every other federal district court around the country play medical expert to decide when Title II and § 504 require masks and when they don't. But the Supreme Court has warned district courts (including the District of South Carolina, *see Andino v. Middleton*, 141 S. Ct. 9, 10 (2020) (Kavanaugh, J., concurring)) not to take up that role of medical expert.

## II.     Plaintiffs lack standing to assert their claims against the Governor or any other State official.

Federal courts may decide only "Cases" and "Controversies." U.S. Const. art. III, § 2. The case-and-controversy requirement requires that a plaintiff have standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Standing requires a plaintiff to show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was

6

likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.*

Two days after this Court enjoined the Proviso, the S.C. Supreme Court noted that the Proviso does not necessarily prohibit all mask mandates. In *Richland County School District 2 v. Lucas*, the court expressly stated it did "not reject the possibility that funds not appropriated or authorized by [the State's annual appropriations] act may be used to announce or enforce a mask mandate." ___ S.C. ___, ___ S.E.2d ___, No. 2021-000892, 2021 WL 4470093, at *3 (S.C. Sept. 30, 2021). And just days before that decision, the chairman of the Senate Education Committee wrote an op-ed outlining "a few simple steps to impose an enforce a mask mandate and never touch any state funding." Greg Hembree, *SC School Districts Can Impose Mask Mandates Without Violating State Law, GOP State Sen. Greg Hembree Says*, The State (Sept. 23, 2021), https://tinyurl.com/vz9cebu9.

Particularly now that the S.C. Supreme Court has interpreted the Proviso as allowing mask mandates that use local or federal funds (and with the help of Senator Hembree's outline for how to enforce such a mandate), there is no controversy here. School districts can enact mask mandates if they want—and if they make sure not to use state-authorized or -appropriated funds. In other words, the Proviso does not make schools unsafe in the way Plaintiffs claim. Instead, it simply requires school districts to use only certain resources if they want to impose a mask mandate. Whether mask mandates are in place depends on the choice of each school district.

Because school districts are already free to enact a mask mandate, even with the Proviso in effect, an injunction against the Proviso does not mean anything will change. Thus, the traceability and redressability elements of standing are hurdles Plaintiffs cannot overcome. Even with an injunction against the Proviso, they will not achieve the relief they seek from the Governor

7

because the Proviso is not what is preventing mask mandates. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 570–72 (1992); *see also Doe v. Va. Dep't of State Police*, 713 F.3d 745, 755 (4th Cir. 2013) ("The traceability and redressability prongs become problematic when third persons not party to the litigation must act in order for an injury to arise or be cured."); *Congaree Riverkeeper, Inc. v. Carolina Water Serv., Inc.*, 248 F. Supp. 3d 733, 748, 2017 WL 1176766 (D.S.C. 2017) ("if the redress requires action by a third party, it does not fulfill Article III redressability"). Indeed, the events since the injunction was entered prove as much.

In light of this, Plaintiffs real disagreement about school masks is with school districts. If they want mask mandates imposed, they should be focused on seeking that relief against the districts. They have no need to be suing the Governor, and they lack standing to assert their claims against the Governor (or, for that matter, any other State official).

## CONCLUSION

For the foregoing reasons, the Court should grant Governor McMaster's Motion to Dismiss.

As detailed above, Governor McMaster submits that the Court should dismiss Plaintiffs' Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure; however, the Governor respectfully requests that the Court first decide the Emergency Motion to Stay Injunction Pending Appeal and for Administrative Stay (ECF No. 86) ("Emergency Motion") so as to avoid prejudicing the State by further delaying efforts to seek a stay of the Court's preliminary injunction of South Carolina law pending appeal. *See Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (quoting *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977)

(Rehnquist, J., in chambers))). Although Plaintiffs took no position on the Governor and Attorney General's October 12, 2021 Motion to Expedite (ECF No. 99, at 2) the Emergency Motion, the parties nevertheless proceeded to fully brief the Emergency Motion again on remand to this Court (ECF Nos. 106, 107). Accordingly, Governor McMaster respectfully requests that this Motion to Dismiss not delay the Court's ruling on the Emergency Motion, which is ripe for consideration.

                Respectfully submitted,

                s/Wm. Grayson Lambert
                Thomas A. Limehouse, Jr. (Fed. Bar No. 12148)
                *Chief Legal Counsel*
                Wm. Grayson Lambert (Fed. Bar No. 11761)
                *Senior Legal Counsel*
                Michael G. Shedd (Fed. Bar No. 13314)
                *Deputy Legal Counsel*
                OFFICE OF THE GOVERNOR
                South Carolina State House
                1100 Gervais Street
                Columbia, South Carolina 29201
                (803) 734-2100
                tlimehouse@governor.sc.gov
                glambert@governor.sc.gov

                *Counsel for Governor McMaster*

October 22, 2021
Columbia, South Carolina