# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| DISABILITY RIGHTS SOUTH CAROLINA; ABLE SOUTH CAROLINA; AMANDA McDOUGALD SCOTT, *individually and on behalf of P.S., a minor*; MICHELLE FINNEY, *individually and on behalf of M.F., a minor*; LYUDMYLA TSKALOVA, *individually and on behalf of M.A., a minor*; EMILY POETZ, *individually and on behalf of L.P., a minor*; SAMANTHA BOEVERS, *individually and on behalf of P.B., a minor*; TIMICIA GRANT, *individually and on behalf of E.G., a minor*; CHRISTINE COPELAND, *individually and on behalf of L.C., a minor*; HEATHER PRICE, *individually and on behalf of H.P., a minor*; and CATHY LITTLETON, *individually and on behalf of Q.L., a minor*, <br>            Plaintiffs, <br><br> vs. <br><br> HENRY McMASTER, *in his official capacity as Governor of the State of South Carolina*; ALAN WILSON, *in his official capacity as Attorney General of South Carolina*; MOLLY SPEARMAN, *in her official capacity as State Superintendent of Education*; GREENVILLE COUNTY SCHOOL DISTRICT; HORRY COUNTY SCHOOL DISTRICT; LEXINGTON COUNTY SCHOOL DISTRICT ONE; OCONEE COUNTY SCHOOL DISTRICT; DORCHESTER COUNTY SCHOOL DISTRICT TWO; CHARLESTON COUNTY SCHOOL DISTRICT; and PICKENS COUNTY SCHOOL DISTRICT, <br>            Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ <br><br><br><br><br><br><br><br><br><br> Civil Action No.: 3:21-02728-MGL |

**MEMORANDUM OPINION AND ORDER**
**DENYING GOVERNOR MCMASTER AND AG WILSON'S MOTION FOR A STAY**

**I.      INTRODUCTION**

Pending before the Court is Defendant Henry McMaster, in his official capacity as Governor of the State of South Carolina (Governor McMaster), and Alan Wilson's, in his official capacity as Attorney General of South Carolina (AG Wilson), motion to stay the Court's previous Order granting Plaintiffs' motions for a temporary restraining order and a preliminary injunction that enjoined enforcement of Proviso 1.108 (the Court's Sept. 28, 2021, Order).

Having carefully considered the motion, the response, the reply, the amicus brief, the record, and the relevant law, the Court is of the opinion the motion should be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

The minor plaintiffs "are students with disabilities, including certain underlying medical conditions, which increase their risk of contracting COVID-19 and/or increase their risk of serious complications or death from a COVID-19 infection." Am. Compl. ¶ 5. "These conditions include asthma, congenital myopathy, Renpenning Syndrome, Autism, and weakened immune systems—many of which have been identified by the [Centers for Disease Control & Prevention] as risk factors for severe COVID-19 infections." *Id.*

According to Plaintiffs, "[s]chool districts with students who have disabilities . . . that make them more likely to contract and/or become severely ill from a COVID-19 infection have a legal obligation to ensure that those children can attend school with the knowledge that the school district has followed the recommended protocols to ensure their safety." *Id.* ¶ 7.

In the 2021–22 Appropriations Act, the South Carolina General Assembly prohibited school districts in South Carolina from using appropriated or authorized funds to announce or enforce a mask mandate:

> No school district, or any of its schools, may use any funds appropriated or authorized pursuant to this act to require that its students and/or employees wear a facemask at any of its education facilities. This prohibition extends to the announcement or enforcement of any such policy.

Proviso 1.108.

Plaintiffs contend "[b]y prohibiting any school from imposing a mask mandate, Proviso 1.108 interferes with [a] school's ability to comply with its obligations under federal disability rights laws and illegally forces parents of children with underlying [health] conditions to choose between their child's education and their child's health and safety, in violation of [Title II] and Section 504." Am. Compl. ¶ 7.

As is relevant here, after the Court's Sept. 28, 2021, Order, Governor McMaster and AG Wilson filed a motion in the Fourth Circuit Court of Appeals "seeking a stay of the preliminary injunction pending appeal and an administrative stay while the Court decides [the] [m]otion." Governor McMaster and AG Wilson Mot. at 2. Defendants responded, Governor McMaster and AG Wilson replied, and the South Carolina Chapter of American Academy of Pediatrics and American Academy of Pediatrics filed an amicus brief in opposition to Governor McMaster and AG Wilson's motion.

The Fourth Circuit Court of Appeals subsequently denied Governor McMaster and AG Wilson's motion "for failure to comply with Rule 8 of the Federal Rules of Appellate Procedure and remand[ed] the motion for consideration by the district court in the first instance." Fourth Circuit Order at 1.

The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

**III.    STANDARD OF REVIEW**

"A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A). The Fourth Circuit Court of Appeals has articulated the following test to ascertain whether a stay pending appeal should be granted:

> part[ies] seeking a stay must show (1) that [they] will likely prevail on the merits of the appeal, (2) that [they] will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.

*Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).

**IV.    DISCUSSION AND ANALYSIS**

    **A.    *Whether Governor McMaster and AG Wilson have shown they will likely prevail on the merits of their appeal***

Governor McMaster and AG Wilson aver they have made a strong showing they are likely to succeed on the merits of their appeal. Primarily, Governor McMaster and AG Wilson reiterate their contention there is no private right of action for failure to accommodate claims under Title II and Section 504.

Plaintiffs, in response, posit Governor McMaster and AG Wilson's "argument is premised on a radical revision of the long[-]held understanding of [Title II] and Section 504—one that would strip the [A]cts of their reasonable [accommodation] . . . claims." Pls.' Resp. in Opp'n at 6.

Here, the Court need not spill significant ink regurgitating its detailed analysis in its Sept. 28, 2021, Order as to their right to bring an action for failure to accommodate under Title II and Section 504. *See generally* Sept. 28, 2021, Order at 14 (concluding Plaintiffs have met their burden of demonstrating they are likely to succeed on the merits of their failure to make reasonable

accommodations claim under Title II and Section 504).  All that matters is Governor McMaster and AG Wilson are unable to meet the first factor regulating the issuance of a stay because their position is premised on a novel and legally unsupported position regarding private rights of action under Title II and Section 504, *see Long*, 432 F.2d at 979 (noting parties seeking a stay must first show they will likely prevail on the merits of the appeal).  Inasmuch as this issue is dispositive as to the likely-to-prevail-on-the-merits factor, the Court need not address the parties' other arguments.

> **B.     Whether Governor McMaster and AG Wilson have shown they will suffer irreparable injury if the stay is denied**

Governor McMaster and AG Wilson posit they will suffer irreparable injury if the stay is denied, as a state suffers irreparable injury whenever it is enjoined from implementing its duly-enacted statutes.  Plaintiffs argue, however, "it has been established law for over a century that federal courts can prospectively enjoin state officials from enforcing state laws to prevent violations of federal law."  Pls.' Resp. in Opp'n at 19.

Here, Governor McMaster and AG Wilson's argument defies credulity.  Federal Courts routinely enjoin state officials from enforcing unconstitutional state laws.  *See, e.g., Planned Parenthood S. Atl. v. Wilson*, 527 F.Supp.3d 801 (D.S.C. 2021) (enjoining Governor McMaster and AG Wilson from enforcing the Fetal Heartbeat Protection from Abortion Act that was passed by South Carolina's General Assembly).

At bottom, Governor McMaster and AG Wilson are unable to demonstrate irreparable injury by the Court enjoining them from enforcing an illegal law.  *See generally Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial departments to say what the law is.").  Accordingly, Governor McMaster and AG Wilson are unable to meet the second *Long* factor.

### C. Whether Governor McMaster and AG Wilson have shown the other parties will not be substantially harmed by the stay

Governor McMaster and AG Wilson contend Plaintiffs will not be substantially harmed by the stay as "[t]he data show that children generally have been remarkably resilient through this pandemic" and "the percentage of students who have contracted COVID-19 is still low." Governor McMaster and AG Wilson Mot. at 20–21. Plaintiffs, on the other hand, maintain they introduced "extensive evidence about the extreme, high risks that COVID-19 presents to disabled children in a non-masked environment" and Governor McMaster and AG Wilson's "analysis . . . ignores consistent findings from this Court, and from district courts in this Circuit, that increased risk of exposure to COVID-19 poses a tremendous risk of irreparable harm." Pls.' Resp. in Opp'n at 22–23.

As noted by the Court in its Sept. 28, 2021, Order, numerous other Courts around the County have concluded irreparable harm is demonstrated by the threat of COVID-19 in schools. *See, e.g., The Arc of Iowa v. Reynolds*, Case No. 4:21-cv-00264, 2021 WL 4166728, at * 9 (S.D. Iowa Sept. 13, 2021) ("Because [the disabled] Plaintiffs have shown that [Iowa's] ban on mask mandates in schools substantially increases their risk of contracting the virus that causes COVID-19[,] and that due to their various medical conditions they are at an increased risk of severe illness or death, Plaintiffs have demonstrated that an irreparable harm exists."); *G.S. v. Lee*, Case No. 21-cv-02552-SHL-atc, 2021 WL 4057812, at * 8 (W.D. Tenn. Sept. 3, 2021) ("Plaintiffs have satisfied their burden of showing that irreparable harm will result if the Governor's Executive Order remains in place by including in their pleadings" information regarding the threat of COVID-19 and alleging that '[w]ithout the ability to implement a universal mask mandate, Plaintiffs will continue to be exposed to an increased risk of infection, hospitalization, or death because of

COVID-19, or they will be forced to stay home and denied the benefits of an in-person public education.'") (quoting the plaintiffs' complaint).

And, this Court adopted that sound conclusion after reviewing the affidavit of Robert Saul, President of the South Carolina Chapter of the American Academy of Pediatrics. Suffice it to say that the minor-children plaintiffs will be substantially harmed by a stay from this Court. Consequently, Governor McMaster and AG Wilson have failed to meet the third *Long* factor.

### D.  *Whether Governor McMaster and AG Wilson have shown the public interest will be served by granting the stay*

Governor McMaster and AG Wilson insist "the public interest favors a stay" as "[i]njecting the judiciary into the debate on mask mandates undermines public confidence in the courts." Governor McMaster and AG Wilson Mot. at 21. In response, Plaintiffs aver "[t]here is a strong public interest in promoting the nation's anti-discrimination laws." Pls.' Resp. in Opp'n at 25.

Here, as noted by the Court in its Sept. 28, 2021, Order, enforcing a state law that violates this country's disability laws runs counter to the public interest. The Court's reasoning then, applies today. Hence, Governor McMaster and AG Wilson are unable to meet the fourth *Long* factor.

Accordingly, after considering the relevant *Long* factors, the Court concludes a stay is unwarranted.

### E.  *Clarification of the Court's Sept. 28, 2021, Order*

Plaintiffs, in a letter to the Court, ask it to "clarify the limited nature of the injunction against Proviso 1.108." Letter from Allen Chaney, Esquire to the Honorable Mary Geiger Lewis, Oct. 6, 2021. Plaintiffs request this clarification because of Governor McMaster and AG Wilson's repeated assertions the Court's Sept. 28, 2021, Order "results in a federal mask mandate in schools." Governor McMaster and AG Wilson Mot. at 5 (emphasis modified).

7

Governor McMaster and AG Wilson's contention the Court's Sept. 28, 2021, Order constitutes a federal mask mandate is meritless. The Court's Sept. 28, 2021, Order enjoins only Proviso 1.108. *See* Sept. 28, 2021, Order at 22 ("Defendants are enjoined from enforcing Proviso 1.108, which is violative of Title II and Section 504.").

"[I]t is clear that the determination of whether a particular modification is 'reasonable' involves a fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question[,] and the cost to the organization that would implement it." *Staron v. McDonald's Corp.*, 51 F.3d 353, 356 (2d Cir. 1995). Thus, South Carolina schools, and only South Carolina schools, operating under this Court's Sept. 28, 2021, Order, must undertake a fact-specific and case-by-case inquiry to determine whether reasonable accommodations are being made. A fact-specific and case-by-case inquiry, for example, may lead to a conclusion masks are required on certain parts of a school campus and during certain hours. Or it may not.

This Court's Sept. 28, 2021, Order, contrary to Governor McMaster and AG Wilson's assertions, fails to direct schools outside of South Carolina to do anything.

### V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Governor McMaster and AG Wilson's motion to stay the Court's Sept. 28, 2021, Order is **DENIED**; and Governor McMaster and AG Wilson's motion to expedite is **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 1st day of November 2021, in Columbia, South Carolina.

                                                        s/ Mary Geiger Lewis
                                                       MARY GEIGER LEWIS
                                                       UNITED STATES DISTRICT JUDGE