IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
Columbia Division

| | |
|---|---|
| Disability Rights South Carolina, et al.,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>McMaster, et al.,<br><br>　　　　*Defendants*. | Civil Action No.: 3:21-cv-2728-MGL<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT MCMASTER'S SECOND MOTION TO DISMISS** |

For the reasons set forth below, Plaintiffs ask the Court to deny Defendant McMaster's Second Motion to Dismiss (ECF 109).

## INTRODUCTION

Despite multiple rounds of briefing, the Governor still fails to grasp the core of Plaintiffs' legal claim. There is no so-called *South Bay* problem. Plaintiffs have not asked the Court to seize discretionary public health decisions from the schools or to announce a universal masking mandate. Quite the opposite. Plaintiffs asked for—and the Court granted—targeted relief from a South Carolina budget proviso that prohibited schools from developing and enforcing *any* masking protocols during a global pandemic, even when necessary to ensure students with disabilities are not illegally excluded from the classroom.

In addition to recycling arguments that must be rejected under the law-of-the-case doctrine, the Governor's Second Motion to Dismiss also advances two new arguments. First, the Governor argues that because the Court's preliminary injunction did not completely remedy Plaintiffs' injury, they lack standing to bring this claim. This argument is a reboot of the Attorney General's standing argument and must be rejected for substantially the same reasons. It

1

is well-established that a litigant "need not show that a favorable decision will relieve his every injury." *Larson v. Valente*, 456 U.S. 228, 244 n.15 (1982). Rather, "partial relief . . . qualif[ies] as redress for standing purposes." *Meese v. Keene*, 481 U.S. 465, 476-77 (1987). That principle applies here. Standing is satisfied because the relief requested was a necessary predicate for Plaintiffs to obtain complete relief. Plaintiffs do not bear any additional burden of proving how they plan to later obtain full relief from their injury.

The Governor's second new argument is similarly unavailing. He argues that Plaintiffs' case must be dismissed because the South Carolina Supreme Court took the sting out of Proviso 1.108 by recognizing the theoretical possibility that schools could pay for masking enforcement with funds other than those received as part of the 2021-22 Appropriations Bill. But this argument rests on two unproven factual predicates—that schools have funds with which to clear this accounting hurdle, and that they are willing to risk being defunded in order to comply with federal disability rights law. And even if both are true for some schools, the Proviso continues to operate as an unreasonable obstacle to fulfillment of the text and purposes of the ADA and Rehabilitation Act and is therefore properly enjoined by this Court.

## LEGAL STANDARD

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and dismiss the case only where "it appears beyond doubt that the plaintiff can prove no set of facts to support [its] allegations." *Richmond, Fredericksburg & Potomac RR Co. v. Forst*, 4 F.3d 244, 247 (4th Cir. 1993) (citation omitted). The standard is particularly high in cases alleging civil rights violations, where the Court "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory

which might plausibly be suggested by the facts alleged." *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988).

## ARGUMENT

### I. The Bulk of the Governor's Second Motion to Dismiss Must Be Denied Under the Law-of-the-Case Doctrine.

The Governor's Second Motion to Dismiss "moves to dismiss the Amended Complaint *for the same reasons* he moved to dismiss the original Complaint[.]" ECF 109 at 2 (emphasis added). The Court has already rejected these arguments and so must, under the law-of-the-case doctrine, reject them again. *See generally* ECF 79 (denying the AG's Motion to Dismiss) & 80 (granting Preliminary Injunction). Likewise, the Governor's recitation of arguments raised by the Attorney General also fails. Litigants are not entitled to reassert the same arguments on the same facts and demand a different result.

It is well settled that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The rule, followed in virtually all jurisdictions, "is designed to serve the goals of finality and predictability in the trial court[.]" *Smith v. Bounds*, 813 F.2d 1299, 1304 (4th Cir. 1987). The Fourth Circuit has recognized limited circumstances where the rule should be set aside, including where: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (citations omitted). District courts in the Fourth Circuit routinely apply the law-of-the-case doctrine, including these three exceptions, to their own interlocutory orders. *See United States v. Duke Energy Corp.*, No. 1:00-cv-1262, 2014 WL 4659479, at *4 (M.D.N.C.

Sept. 17, 2014) (compiling cases). Notably, McMaster does not even argue that any of these exceptions apply.

### A. Most of the Governor's substantive arguments for dismissal have already been rejected by this Court.

As the Governor readily concedes, his Second Motion to Dismiss largely reasserts arguments raised in his First Motion to Dismiss. According to the Governor, those arguments include: (1) that the relief sought (enjoining Proviso 1.108) is tantamount to a federal mask mandate; (2) that Section 504 of the Rehabilitation Act and Title II of the ADA do not include a private right of action for disparate impact or failure-to-accommodate claims; and (3) that Plaintiffs' Complaint asks the Court to invade the province of the Legislature.[1] ECF 109 at 2. Except for preemption under ARPA, each of these arguments has already been considered and rejected by the Court (some more than once) and the Governor ventures no explanation for how or why the analysis has changed.

(1)     As the Court explained in its Order denying a stay of its injunction pending appeal, "Governor McMaster and AG Wilson's contention that [its] Order constitutes a federal mask mandate is meritless." ECF 115 at 8. Far from a universal mandate, the Order simply insists that South Carolina schools "undertake a fact-specific and case-by-case inquiry to determine whether reasonable accommodations are being made." *Id.* at 9. Just as it failed before, this argument for dismissal must fail again.

---

[1] The Governor also renews his objections to Plaintiffs' preemption claim under ARPA, which this Court has yet to rule upon. On this issue, Plaintiffs rely on the rebuttal arguments they submitted in their Reply in Support of Preliminary Injunction. ECF 70 at 18-20 (noting that "Congress has decreed that South Carolina school districts must be free to 'implement' CDC guidance 'to the greatest extent practicable.'").

(2)     As the Court explained, the Governor's argument regarding failure-to-accommodate "is premised on a novel and legally unsupported position regarding private rights of action under Title II and Section 504." ECF 115 at 5.

The judiciary has long treated Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act as conveying a private right of action for claims of disparate impact and failure-to-accommodate. *See, e.g.*, *Alexander v. Choate*, 469 U.S. 287, 296-97 (1985) ("[M]uch of the conduct that Congress sought to alter in passing the Rehabilitation Act would be difficult if not impossible to reach were the Act construed to proscribe only conduct fueled by a discriminatory intent."); *Nat'l Federation of the Bind v. Lamone*, 813 F.3d 494, 510 (4th Cir. 2016) (noting that the ADA and Rehabilitation Acts "do more than simply provide a remedy for intentional discrimination"). This view squarely aligns with the statutes' purposes and has been fully endorsed by the Department of Justice in promulgating regulations under the Rehabilitation Act and the ADA. *See, e.g.*, 28 C.F.R. § 35.130; 34 C.F.R. § 104.21. Finally, Congress endorsed this view when it, on three separate occasions, re-enacted Section 504 subsequent to the Supreme Court's opinion in *Choate*. Rehabilitation Act Amendments of 1986, PL 99-506, Sec. 1003, 100 Stat. 1807 (Oct. 21, 1986) (abrogating Eleventh Amendment immunity); Civil Rights Restoration Act of 1987, PL 100–259, Sec. 4, 102 Stat. 28 (Mar. 22, 1988); Rehabilitation Act Amendments of 1992, PL 102–569, Sec. 506, 106 Stat. 4344 (Oct. 29, 1992).

In short, all three branches of the federal government stand against the Governor's argument. For that reason, this Court must reject this argument again, as it did in its Order Granting a Preliminary Injunction (ECF 80 at 10) and Denying State Defendants' Motion to Stay (ECF 115 at 4-5).

(3)     As to the Governor's political argument—that this Court should refrain from deciding the propriety of masking—this Court has already answered: "This case presents a legal question, not a political one." ECF 80 at 18. As such, under the law-of-the-case and in accord with the sound reasoning of this Court, the Governor's warnings against meddling with the Legislature provide no basis for dismissal.

## II.     Plaintiffs Are Not Required to Bring New Legal Actions Against Defendant School Districts to Preserve Their Standing in this Case.

The Governor thinks he has trapped Plaintiffs in a Catch-22, where they must either sue for universal masking (supposedly proving his debunked slippery slope argument) or admit that they lack standing because "Plaintiffs' children are as unsafe at school today as they were before the Court enjoined the Proviso." But again, he misunderstands the law.

### A.  Organizational Plaintiffs have standing to bring suit.

To dismiss the case for lack of standing, the Court must find that *none* of the plaintiffs have standing to sue. *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2565 (2019). This is important, because the Governor's Second Motion to Dismiss focuses narrowly on plaintiffs in six districts where schools have declined to adopt masking policies, and completely overlooks two organizational plaintiffs. Plaintiffs Able South Carolina and Disability Rights South Carolina (DRSC) represent the interests of *all* children with disabilities in South Carolina and have brought this action on their behalf. ECF 101, ¶¶ 8 & 9. Even under the Governor's faulty view, these Organizational Plaintiffs have standing because they represent children whose School Districts adopted masking requirements following the Court's injunction, among them: Chester, Hampton, Marlboro, Sumter, as well as certain school districts in Richland and Florence Counties. Because Able and DRSC have clear standing to sue, dismissal is inappropriate.

### B. Enjoining Proviso 1.108 is a necessary partial remedy for Plaintiffs' injuries and therefore satisfies redressability.

Prior to this Court's Order, Proviso 1.108 was an obstacle to schools' requiring any masking. That Proviso 1.108 was not the *only* obstacle to masking does not mean that the Court's Order was meaningless or that Plaintiffs lack standing to sue. As the Supreme Court has repeatedly affirmed, standing can be satisfied by a showing that a "partial remedy" is available. *E.g. Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021) ("[T]he ability 'to effectuate a partial remedy' satisfies the redressability requirement.") (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992)). That is the case here. Enjoining Proviso 1.108 has proven necessary but ultimately insufficient. Following the Court's Order, Plaintiffs have tried to work with their individual schools to develop strategies for ensuring they can gain safe access to their classrooms. At some point in the future, those conversations may deteriorate such that litigation is appropriate. But in any event, Plaintiffs' standing in this case does not depend on proving to the Governor that they are fighting hard enough for safe access to their public schools.

### III. The South Carolina Supreme Court's Decision in *Richland Cty Sch. Dist. 2 v. Lucas* Does Not Require Dismissal.

In his Second Motion to Dismiss, the Governor argues for the first time that the South Carolina Supreme Court's decision in *Lucas* destroys Plaintiffs' standing by eliminating the "controversy." ECF 109 at 8. This argument is unavailing for at least two reasons.

### A. The Governor's argument under *Lucas* fails because it is fact-driven and unsupported.

Plaintiffs' Amended Complaint alleges that Proviso 1.108 prevents Defendant School Districts from complying with their obligations under Title II of the ADA and Section 504 of the Rehabilitation Act. ECF 102 at ¶85. If true, then Plaintiffs have standing to challenge the Proviso. ECF 79 at 6-7. Importantly, the question at the pleading stage is only whether, accepting

7

all well-pleaded facts as true, Plaintiffs' claim is "plausible." *Fairfax v. CBS Corp.*, 2 F.4th 286, 291 (4th Cir. 2021).

The Governor's argument for dismissal first rests on an inflated view of *Lucas*. In a *per curiam* opinion, the South Carolina Supreme Court (over the Attorney General's strenuous objection) wrote:

> Proviso 1.108 prohibits the use of funds appropriated or authorized by the 2021-2022 Appropriations Act to announce or enforce a mask mandate. As we noted in *City of Columbia*, we do not reject the possibility that funds not appropriated or authorized by that act may be used to announce or enforce a mask mandate.

*Richland Cty Sch. Dist. 2 v. Lucas*, 862 S.E.2d 920, 924 (S.C. 2021).

In so holding, the Court affirmed only the *possibility* that a school could enact and enforce masking requirements by segregating funds for mask enforcement from those received from the 2021-22 Appropriations Bill. Notably, this does not mean that any particular school district is *capable* of enforcing masking without dipping into the 2021-22 budget. Moreover, the Attorney General repeatedly argued in *Lucas* that the fungibility of money makes it practically impossible to segregate mask-related expenditures from a school's general budget.

Relying on *Lucas*, the Governor argues that Proviso 1.108 is *no longer* an obstacle to masking because Defendant Districts can use segregated funds to enact and enforce masking requirements. But that is a factual argument, and an unsupported one at that. As such, *Lucas* provides no basis for dismissal under Rule 12(b)(6), where Plaintiffs' factual allegations must be accepted as true.

### B. The Governor's argument under *Lucas* fails because Proviso 1.108 still stands as an unreasonable obstacle to schools' fulfilling their obligations under federal disability rights laws.

As discussed above (and in other briefing), the possibility of a partial remedy is sufficient to satisfy redressability. The pertinent legal question is whether Proviso 1.108 is still "an

unreasonable obstacle[] to the disabled." *Mary Jo C. v. New York State & Loc. Ret. Sys.*, 707 F.3d 144, 164 (2d Cir. 2013) (quoting *Crowder v. Kitagawa*, 81 F.3d 1480, 1483 (9th Cir. 1996)). If it is, then it conflicts with the "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and is therefore "without effect." *Id.* at 161-62 (quoting 42 U.S.C. § 12101).

Here, even assuming that schools can devise creative accounting techniques to ensure that no funds from the 2021-22 Appropriations Bill are used to comply with the ADA or Section 504, they shouldn't have to. Post offices aren't required to host bake sales to fund their wheelchair ramps. Neither should schools have to cook their books to ensure ADA compliance. By requiring schools to risk their vital state funding in order to comply with federal disability rights laws, Proviso 1.108 unreasonably impedes the fulfillment of federal law. That the impediment may be less than an absolute prohibition does not salvage the legality of Proviso 1.108 nor affect Plaintiffs' standing to bring suit.

### IV.     The Governor Remains an Appropriate Defendant.

Finally, the Governor insists that Plaintiffs "have no need to be suing the Governor," because "there is no controversy here." ECF 109 at 7-8. But the Governor's argument is belied by his conduct. State Defendants McMaster and Wilson have not abandoned enforcement of the Proviso 1.108. Instead, they have opposed preliminary relief, twice moved to stay preliminary relief, and have appealed the Court's order of preliminary relief. They have also each moved to dismiss, twice. If the Governor believes as he argues—that schools are free to enforce masking mandates—then he should stop fighting the Court's injunction. If the Governor believes as he behaves—that Proviso 1.108 is indeed an obstacle to schools' enforcing masking requirements—then he should stop complaining that he is an inappropriate party to this litigation.

9

## CONCLUSION

The Governor's substantive arguments for dismissal were soundly rejected by this Court and should be rejected again. Likewise, his standing arguments overlook the interests represented by DRSC and Able South Carolina and rely on unproven factual allegations that are inappropriate to consider on a motion under Rule 12. Therefore, Plaintiffs ask the Court to **deny** Defendant McMaster's Second Motion to Dismiss.

Dated: November 5, 2021

**AMERICAN CIVIL LIBERTIES UNION OF SOUTH CAROLINA**

*D. Allen Chaney Jr.*
Allen Chaney
Federal Bar No. 13181
P.O. Box 20998
Charleston, SC 29413
T: (843) 282-7953
E: achaney@aclusc.org

**SOUTH CAROLINA APPLESEED LEGAL JUSTICE CENTER**

Adam Protheroe
Federal Bar No. 11033
P.O. Box 7187
Columbia, SC 29202
T: (803) 816-0607 | Fax: (803) 779-5951
adam@scjustice.org

**DISABILITY RIGHTS SOUTH CAROLINA**

B. Randall Dong (Fed. Ct. ID 5989)
Anna Maria Conner (Fed. Ct. ID 5532)
Amanda C. Hess (Fed. Ct. ID 10303)
3710 Landmark Dr., Suite 208
Columbia, SC 29204
T: (803) 782-0639
dong@disabilityrightssc.org

conner@disabilityrightssc.org
hess@disabilityrightssc.org

**WYCHE, P.A.**

Rita Bolt Barker
Federal Bar No. 10566
200 East Camperdown Way
Greenville, SC 29601
T: (864) 242-8235 | Fax: (864) 235-8900
E: rbarker@wyche.com

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

Louise Melling*
125 Broad St.
New York, NY 10004
T: (212) 549-2637
E: lmelling@aclu.org

Susan Mizner*
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0781
E: smizner@aclu.org

**ARNOLD & PORTER KAYE SCHOLER LLP**

John A. Freedman
Tara Williamson
601 Massachusetts Ave, NW
Washington, DC 20001
T: 202.942.5316
E: john.freedman@arnoldporter.com

*Motion to proceed *pro hac vice* forthcoming

*Attorneys for the Plaintiffs*

11